Merrimack, ⎞
Feb. 1, 1916. ⎠

## CLEVELAND H. CURTIS *v.* BOSTON & MAINE RAILROAD.

## HARRY J. DANFORTH *v.* SAME.

## SIMEON PARTRIDGE *v.* SAME.

Argument of counsel embodying an erroneous rule of law will not destroy a verdict unless the error was approved by the court; the presumption is that the error was corrected by the instructions.

A defendant who is surprised by the argument of the plaintiff as to matter not raised in the course of the trial, may, upon application, be given an opportunity to answer it, preserving to the plaintiff the right of final reply.

CASE, to recover for damage to personal property from fire claimed to have been communicated from one of the defendants' locomotives. Trial before *Branch,* J., and a jury. Verdict for the plaintiffs. Transferred from the April term, 1915, of the superior court on defendants' exception to the remarks of counsel.

· The property was in a barn owned by one Partridge which was burned. There was conflict in the testimony as to whether the doors in the south end of the barn were open when the fire was discovered. One Shepard, a witness for the defendants, testified that from his store in which the post office was located there was a · perfect view of the Partridge barn, that the door on the south side could be seen, and that when the fire broke out he saw from the window of his store that the south door was open. There was testimony from other witnesses tending to show this door was closed at the time but there was none tending to show that the door of the barn could not be seen from the post office, as the witness, Shepard, testified. The jury had a view, but their attention was not called to the building containing the post office nor were they taken to the place where Shepard testified he was when he discovered the fire.

In final argument counsel for the plaintiffs said, "Now Mr. Shepard said he could see this barn from the post office, but Mr. Sulloway [counsel for defendants] didn't call your attention to the post office, but most of you gentlemen know where the post office is, and maybe Mr. Shepard can see through the Partridge store and see that barn, but if it helped Mr. Sulloway any, he would have taken you down there and shown you the post office and shown

you that you could see the barn from there. Perhaps Mr. Shepard can look through a building but I do not think he can." At this point defendants' counsel excepted to the remark about looking through a building saying, "It was not shown to the jury."

*John M. Stark* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiffs.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Woodworth* orally), for the defendants.

PARSONS, C. J. There was no testimony tending to show the barn door could not be seen from the post office as Shepard testified it could be. Plaintiffs' counsel did not claim that there was. Neither did he contend that the situation was shown to the jury at the view. His position was that it was not. In this he was in accord with the objecting counsel. From the jury's knowledge of the situation to which he appealed and the fact that attention was not called to the situation at the view he sought to draw an inference in opposition to the direct testimony of Shepard. Whether such an inference could be drawn is a question of law.

The legal right of the jury to use the knowledge of one of them, not a witness, as to a material fact in aid of their decision is not raised by the exception but assuming that they could not properly do so (*Schmidt* v. *Ins. Co.*, 1 Gray 529, 535, 536; Wigmore Ev. s. 1800), counsel's request that they should was an error of law which would not destroy the verdict unless it appeared the error was approved by the court and made the law of the case. The presumption is that the error was corrected by the instructions. If the defendants had thought the general instructions, that the question at issue must be determined upon the evidence, insufficient, they could have asked for a more definite statement.

In view of the failure of the plaintiffs to raise in the course of the trial the question suggested in argument, the defendants doubtless may have been surprised thereby. In such event if the argument was considered worthy of reply, they would upon application have been given an opportunity to answer it, preserving to the plaintiffs the right of final reply. *Mitchell* v. *Railroad*, 68 N. H. 96, 117; *Rogers* v. *Kenrick*, 63 N. H. 335, 341.

*Exception overruled.*

All concurred.