Hillsborough,
April 4, 1916.

### Amédée Gosselin v. F. M. Hoyt Shoe Company.

On the question of a master's negligence in putting a servant, a minor, to work upon a defective machine without notice, and on the question of the servant's due care in view of his age, his ignorance of the machine and the insufficient lighting of the work-place,—*Held*, that certain evidence was properly submitted to the jury.

The drawing of unwarranted inferences from the evidence by counsel is correctible by the trial court in its charge to the jury; and, if application for such correction is not made, such inferences, though prejudicial, are not ground of reversal.

Counsel, in drawing an inference in argument, may present it in the form of an affirmative statement.

Case, for negligence. Trial by jury and verdict for the plaintiff. The defendant's motion for a nonsuit was denied subject to its exception. No evidence was introduced by the defendant. It

also excepted to certain remarks of plaintiff's counsel in argument. Transferred by *Branch,* J., from the January term, 1915, of the superior court. The facts are sufficiently stated in the opinion.

*Cyprian J. Belanger* (by brief and orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

WALKER, J. The evidence justifies the following finding of facts. The plaintiff was about twenty years of age at the time of the accident and had been working for the defendant for some seven months. His work was to operate a compressing machine which pressed the taps on the soles, and to trim rubber soles with a knife. On the morning of the accident, after having completed the pressing of soles, he looked for his knife to use in trimming some rubber soles, and saw it on the floor under his bench where it had fallen. It was lying directly under a revolving wheel which operated the compresser. Supposing this wheel would be stopped, when he took his foot from the treadle, by means of a spring which up to that time had been attached to the machine for that purpose, he walked around the bench and, thinking the wheel would stop in two or three revolutions, he reached for the knife and his arm was caught in the gearing of the big wheel and a smaller wheel which he did not know was there. He saw the large wheel but on account of the want of sufficient light under the bench he did not see the little wheel. Immediately after the accident he discovered that the spring had been taken off and that the wheels continued to revolve. He had not been notified that the spring had been taken away.

From these evidentiary facts it could be reasonably inferred that the plaintiff was in the exercise of due care in attempting to recover the knife from under the large wheel while engaged in the performance of the defendant's work, that he was misled by the absence of the spring in assuming that the velocity of the wheel was so far spent that he could safely reach under it for the knife, and that he was justifiably ignorant of the fact that there was a small wheel which operated in conjunction with the large one. It cannot be said that reasonable men could not so find. Hence, the verdict based upon the grounds of the defendant's negligence in putting the plaintiff to work upon a defective machine without notifying him of the removal of the spring, and of the plaintiff's freedom from negligence, cannot be set aside for want of evidence to support it.

The argument of the defendant that because the plaintiff testified that he saw the machine in motion when he came to work in the morning, it follows that he knew the spring was off, bears on the credibility of the witness and does not establish the proposition that he knew that fact at the time of the accident or was chargeable with knowledge of it, and was consequently guilty of contributory negligence, as a matter of law. Even if he had had that knowledge when he reached in under the revolving wheel, which was some ten inches from the floor and about three feet in diameter, it would not necessarily follow that he was negligent, in view of the fact that he did not know there was a little wheel near the large one which rendered his act more dangerous. Ordinary care and prudence on his part is not conclusively disproved by what he did, while the finding of the jury that the defendant neglected its duty in not calling his attention to the machinery located in a dark place under the bench does not appear to be inconsistent with a fair and reasonable inference. Upon the evidence the defendant was chargeable with knowledge that the plaintiff might have occasion while doing the work assigned him to reach under the bench for the tools that were liable to be there; hence its duty to warn him of the situation could be readily inferred. The motion for a nonsuit was properly denied.

The remaining exception relates to remarks made by the plaintiff's counsel in argument. There was a view by the jury, when it appeared that the defendant had split off a considerable part of the bench-board, so that there was more light under the bench than at the time of the accident. Counsel urged the jury to believe that the defendant did this in order to make it appear that there was sufficient light to enable the plaintiff at the time of the accident to see the little wheel; in other words, that it was an attempt to mislead the jury. But it does not appear that counsel did more than to comment on the evidence in the case and to ask the jury to draw certain inferences therefrom unfavorable to the defendant. An inference may assume the form of an affirmative statement in argument. *Beckley* v. *Alexander*, 77 N. H. 255. If the inferences were unfair or unwarranted under the circumstances, the wrong could have been remedied by applying to the court to instruct the jury to disregard them. A statement by counsel in argument of material facts of which there is no evidence, direct or inferential, is ordinarily reversible error, unless there is a finding that it did not render the trial unfair (*Story* v. *Railroad*, 70 N. H. 364), but the drawing of unwarranted inferences from the evidence is correctible by the

trial court in its charge to the jury. *Cavanaugh* v. *Railroad*, 76 N. H. 68; *Conn. River Power Co.* v. *Dickinson*, 75 N. H. 353. As a matter of fact it does not appear that the inference drawn by counsel was unfair or unsupported by the evidence.

*Exceptions overruled.*

All concurred.