Rockingham, }
Nov. 6, 1918. }

## WILBUR L. POTTER v. DORA MOODY.

An argument of counsel, urging the jury to draw an inference not warranted
by the evidence, if prejudicial, will be corrected by the court on request; but
such argument is no ground for setting aside a verdict.

An erroneous statement of law by counsel is presumed to have been corrected by
proper instructions.

CASE, to recover on the ground of misrepresentations a portion of the consideration paid for a farm. The defendant testified that immediately after receiving a notice from the plaintiff rescinding the contract, she had an attorney write a letter for her to the plaintiff which she signed and handed to him. The plaintiff denied receiving it. The defendant introduced in evidence a writing which she alleged was a copy of this letter. There was no evidence offered to contradict the exhibit as a copy. Relative to this exhibit being a copy of the letter, the plaintiff's counsel argued as follows: "There is one very significant fact about that letter; that letter isn't a copy, it is the original. . . . You can tell by looking at it that it is not a carbon copy; you can tell by looking at it it is the original document." To this argument the defendant excepted.

On the first day of the trial the defendant's husband left the court and returned to his home to obtain an unrecorded deed to be used as evidence. His daughter brought the deed to court. He did not return, but, the defendant claimed, was suddenly taken sick. Counsel for plaintiff commented in argument upon his absence as follows: "I very much regret, as I said before, that Mr. Corthell is not here or Mr. Moody is not here. We are sorry he is sick and surprised he was taken sick so quickly; over here all right yesterday morning apparently. They need not have gone on with this trial unless they chose to. . . . If he had been taken sick and it was brought to the attention of this court, under certain rules they might have had the trial delayed." Excepted to by the defendant.

A bill of exceptions was allowed by *Branch*, J., at the January term, 1918, of the superior court.

*Scammon & Gardner*, for the plaintiff.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the defendant.

PLUMMER, J. The defendant excepted because counsel for the plaintiff stated in argument that an exhibit introduced in evidence by the defendant, purporting to be a copy of a typewritten letter, was not a copy, but was the original; that you could tell by looking at it that it was not a carbon copy. It does not appear that the exhibit was introduced as a carbon copy, but simply as a copy of a typewritten letter. While the appearance of the exhibit might furnish evidence to prove that it was not a carbon copy, it could not be determined by its appearance that it was not a copy, because the typist may have written the original, and then written a copy from that, instead of making a carbon copy at the same time the original was written. Counsel asked the jury to draw an inference from the evidence that could not properly be drawn. Whether an inference can be drawn from the evidence is a question of law, and argument of counsel urging the jury to draw an inference not warranted by the evidence, furnishes no ground for setting aside the verdict. *Mitchell* v. *Railroad,* 68 N. H. 96, 117; *Conn. River Power Co.* v. *Dickinson,* 75 N. H. 353, 358; *Turner* v. *Company,* 75 N. H. 521, 523. If the defendant had regarded the unwarranted inference made by the plaintiff's counsel prejudicial to her case, upon request, the court in the charge to the jury would undoubtedly have corrected the error. *Cavanaugh* v. *Railroad,* 76 N. H. 68; *Gosselin* v. *Company,* 78 N. H. 149, 151.

The second exception of the defendant cannot be sustained. The statement of counsel in relation to the postponement of the trial under certain rules, if incorrect, could be nothing more than an erroneous statement of law, which in the absence of evidence, it is presumed was corrected by instructions to the jury. *Leavitt* v. *Company,* 72 N. H. 290, 292; *Seeton* v. *Dunbarton,* 73 N. H. 134, 137; *Curtis* v. *Railroad,* 78 N. H. 116.

*Exceptions overruled.*

YOUNG, J., was absent: the others concurred.