Rockingham, }
June 29, 1921. }

## MARTHA A. WATTS *v.* DERRY SHOE COMPANY.

In an action upon the employers' liability act, evidence that the plaintiff was injured by falling down on a floor rendered slippery by sprinkling with an unnecessary quantity of water warranted a finding by the jury that the defendant had not furnished a reasonably safe work-place.

An erroneous statement of law by counsel in argument is presumed, in the absence of evidence, to have been corrected by instructions.

CASE, under chapter 163, Laws 1911, to recover for personal injuries. Trial by jury and verdict for the plaintiff. The plaintiff was employed as an assistant forelady in the stitching room of the defendants; and while engaged in such employment she slipped

upon the floor and fell, injuring her left hip. The defendants' motions for a nonsuit and a directed verdict were denied, subject to their exceptions. The defendants also excepted to argument of plaintiff's counsel. Transferred from the January term, 1920, of the superior court by *Sawyer*, J. The facts and evidence relevant to the exceptions are stated in the opinion.

*Scammon & Gardner* (*Mr. Frank A. Batchelder* orally), for the plaintiff.

*Bartlett & Grinnell* and *Hughes & Doe* (*Mr. Doe* orally), for the defendants.

PLUMMER, J. It was the duty of the defendants to furnish a reasonably safe place for the plaintiff to work. *Morrison* v. *Company*, 70 N. H. 406; *Edwards* v. *Tilton Mills*, 70 N. H. 574; *English* v. *Amidon*, 72 N. H. 301; *Smith* v. *Railroad*, 73 N. H. 325; *Leazotte* v. *Company*, 74 N. H. 480; *Osman* v. *Company*, 78 N. H. 597. The plaintiff was an assistant forelady in the defendants' stitching room. A part of her work was to carry and distribute shoe tops among the operatives in the room. The evidence tended to prove that at the time of the accident she was carrying on her left arm such material, and that she turned quickly to aid her assistant in starting a truck, whereupon both her feet slipped, and she fell heavily to the floor, severely injuring her left hip; that on the afternoon of the accident an employee, by the order of his foreman, had been engaged in sprinkling the floor where the plaintiff fell, and water was standing upon it; that more water was put upon the floor than was necessary, and by reason thereof it was rendered very wet and slippery; that the plaintiff was hurried by the amount of work she was required to do, which with the shoe tops in her arms prevented her observation of the place where she stepped. It could be found upon the evidence that the defendants did not furnish the plaintiff with a reasonably safe place in which to perform her work, and that such negligence caused, or contributed to cause, the accident. Consequently the defendants' motions for a nonsuit and a directed verdict must be denied.

The defendants' counsel in his argument compared the action of the defendants, in sprinkling their floor, with that of farmers and storekeepers. The plaintiff's counsel after stating that this case was brought under the employers' liability act, and that the act did not

ordinarily apply to a storekeeper or farmer, said: "Any suggestion that my brother may have made about the storekeeper or the farmer in regard to this particular suit has absolutely no application, and he knows it."

To this statement the defendants excepted. While the liability of one subject to the employers' liability act is different from that imposed upon one not within that law, still the test of negligence, which is reasonable care under the circumstances, would be the same. So that the remarks excepted to are in part, but not wholly, true. However, following the exception, counsel fully explained what he meant by the statement, and it is not probable that the jury were misled, or prejudiced thereby. At all events, what was said, "if incorrect, could be nothing more than an erroneous statement of law, which in the absence of evidence, it is presumed was corrected by instructions to the jury." *Potter* v. *Moody*, 79 N. H. 87; *Curtis* v. *Railroad*, 78 N. H. 116; *Seeton* v. *Dunbarton*, 73 N. H. 134, 137; *Leavitt* v. *Company*, 72 N. H. 290, 292.

After the accident the plaintiff was taken down the elevator in a chair and helped out by the elevator man and another employee. The defendants excepted to a statement by plaintiff's counsel in argument that a stranger out on the street there somewhere suggested a way to get her into her wagon to go home. The plaintiff testified that a man who stepped out from one side, whose name she did not know though she had seen his face, made the suggestion. The evidence authorizes the inference that the man was a stranger to the plaintiff as she did not know his name, and no evidence has been discovered tending to prove he was known to the others assisting her. The exception cannot be sustained because the statement was authorized by the evidence.

*Exceptions overruled.*

All concurred.