NEW YORK, NEW HAVEN & HARTFORD RAIL-
ROAD COMPANY *v.* FRUCHTER, AN INFANT,
&c.

NEW YORK, NEW HAVEN & HARTFORD RAIL-
ROAD COMPANY *v.* FRUCHTER.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

Nos. 35, 36.  Argued October 6, 9, 1922.—Decided November 13,
1922.

A boy of eight years, by climbing to the topmost girder of a munici-
pal bridge used for conveying a street across a railroad, and thence
up a latticed tower, touched a live electric wire twenty-nine feet
above the street, and was injured. *Held,* upon the circumstances
stated in the opinion, that the railroad company, (which main-
tained the wires and the bridge framework,) could not be deemed
liable upon the theory of license or invitation. P. 143. *United
Zinc Co.* v. *Britt,* 258 U. S. 268.

271 Fed. 419, reversed.

CERTIORARI to judgments of the Circuit Court of Ap-
peals, affirming judgments in the District Court against
the petitioner, in two actions for personal injuries.

*Mr. James W. Carpenter* for petitioner.

The attractive-nuisance doctrine was not applicable,
for defendant owed the plaintiff no active or affirmative
duty. Defendant's duty to the public in relation to the
bridge was confined by statute to maintenance of the
bridge superstructure as such, and no negligence in whole
or in part could be predicated on its attractiveness to
children. There was no excuse nor justification for plain-
tiff's trespass on defendant's property, since (a) it was
not attractive or alluring to him,—the bird attracted him,
the property was a mere incident; (b) the relative in-
accessibility of the property and the obvious danger in-

volved in scaling the intervening bridge superstructure was notice to all, having the physical capacity to reach it, of defendant's intent to use and occupy it exclusively; (c) the attitude of both the city and the defendant was forcibly resistant to the public use of the respective properties as a play or hunting ground; and (d) defendant had no notice of any use of its property by boys. Furthermore, there was no proof that either insulation or the evidential protective devices would not seriously interfere with the wires' functions in interstate commerce.

The New York rule of non-liability to infant trespassers or licensees for injuries received from inherent dangers in private premises is so thoroughly established that it has become a fixed rule of property and action by which the courts below were bound in comity. National interests require the affirmation of the principle declared by the Court of Appeals for the Third Circuit. 169 Fed. 1.

If the defendant owed the infant any duty, there was no evidence of negligence.

*Mr. Harold R. Medina,* with whom *Mr. Leon Sanders, Mr. George M. Curtis, Jr., Mr. Young B. Smith* and *Mr. Jacob Zelenko* were on the brief, for respondents.

The defendant's liability is governed by those rules of law applicable to persons maintaining a dangerous thing in or adjacent to a public highway.

Upon the decisions of the federal courts, the defendant was under a legal duty to take reasonable steps to guard against injuries to children of tender years which were likely to occur because of the close proximity of the live wire to a place and structure alluring to children and about which, well known to the defendant, young children were in the habit of playing.

It was not necessary for the plaintiffs to prove that the structure and wire maintained by the defendant, as distinguishable from the city's bridge and defendant's strut,

were alluring to children. It is sufficient that the defendant maintained a dangerous wire in close proximity to something which was alluring to children or in close proximity to a place where defendant knew, or should have known, children were likely to be attracted.

The remaining contentions of the defendant with reference to the essentials of the attractive-nuisance doctrine are unsound.

The defendant's duty in the premises was in no sense diminished by § 93 of the Railroad Law of New York.

It is well settled that the question of liability for negligence when not modified or regulated by statute, is one of general common law and the federal court is not bound to follow the decisions of the state court. Furthermore, the New York decisions sustain the judgments in these cases.

Mr. Justice McReynolds delivered the opinion of the Court.

Since 1908, One Hundred and Forty-Ninth Street, New York City, has been carried over and across the tracks of the New York, New Haven & Hartford Railroad by a public municipal steel truss bridge of standard construction. The bridge is fifty-four feet wide, two hundred and seventy feet long and is formed of posts, beams, girders, etc., connected and strengthened by trellis or lattice work. The top girders, or beams, are twenty-three feet above the street. The local law imposes upon the railroad the duty of maintaining the framework; the municipality is required to keep the roadway in repair.

Fastened to the top girder at the end of the bridge are two upright steel lattice towers, posts or struts. Cross arms attached to these six feet above their bases, support bare wires carrying electric current used for operating trains. The nearest wire is nineteen inches from the strut.

With considerable difficulty and some danger active boys can climb to the highest parts of the bridge. They did often climb upon it; some reached the struts. They were frequently chased away by a policeman and the railroad guard, and seem generally to have understood that to play there was forbidden; when an officer came in sight they kept off. At each corner of the bridge there was a notice board displaying the words: " Live wires, Danger, Keep Off."

In June, 1916, the plaintiff David Fruchter, eight years old, by using the trellis work climbed from the street to the top of the bridge in quest of a bird's nest. He then saw a bird on the wire above and to catch it climbed up the strut and reached out; the bird flew away; his hand touched the wire and severe injuries resulted. He sued for damages; and the father also seeks to recover for loss of services and expenses incurred. The causes were tried together. The Circuit Court of Appeals affirmed judgments for the plaintiffs February, 1921. 271 Fed. 419.

At the time of the accident the boy was attending school. Whether he could then read the warning words upon the notice boards is left in doubt; upon the witness stand he both affirmed and denied that he could. He further stated that before climbing upon the bridge he looked to see whether a policeman was present, and admitted that if one had been there he would not have gone up.

The court below accepted the theory that the jury could have found the structure was well known to be both dangerous and attractive to children and that failure to supply proper guards, human or mechanical, constituted negligence within the doctrine of *Railroad Co. v. Stout,* 17 Wall. 657, and *Union Pacific Ry. Co. v. McDonald,* 152 U. S. 262.

In *United Zinc & Chemical Co. v. Britt,* 258 U. S. 268, 275, we pointed out the theory upon which liability may

exist for injuries suffered by an infant although the circumstances would give no cause of action to an adult. " Infants have no greater right to go upon other peoples' land than adults, and the mere fact that they are infants imposes no duty upon landowners to expect them and to prepare for their safety. On the other hand the duty of one who invites another upon his land not to lead him into a trap is well settled, and while it is very plain that temptation is not invitation, it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them, has the legal effect of an invitation to them although not to an adult. . . . There can be no general duty on the part of a landowner to keep his land safe for children, or even free from hidden dangers, if he has not directly or by implication invited or licensed them to come there."

Considering the peculiar circumstances of the present cause, it is clear that if the plaintiff had been an adult he could not recover; and we are unable to find any sufficient evidence from which the jury could have properly concluded that the railroad company either directly or by implication invited or licensed him to climb upon the strut to a point from which he could touch the bare wire thirty feet above the street. The motion for an instructed verdict should have been granted.

*The judgment of the court below is reversed and the cause remanded to the District Court for further proceedings in conformity with this opinion.*