## CRAWFORD v. RICE.

Circuit Court of Appeals, Fifth Circuit.
December 6, 1929.

No. 5643.

Ellis Douthit, of Abilene, Tex. (J. M. Wagstaff, Ellis Douthit, and Wagstaff, Harwell, Wagstaff & Douthit, all of Abilene, Tex., on the brief), for appellant.

Wm. P. McLean, Jr., of Fort Worth, Tex. (W. P. McLean, W. P. McLean, Jr., Glover C. Johnson, and McLean, Scott & Sayers, all of Fort Worth, Tex., on the brief), for appellee.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action by the appellee, a minor, suing by his next friend, to recover damages for personal injuries sustained by him while he was in an elevator in a hotel at Big Spring, Tex., which was owned and operated by the appellant. The injury was attributed to negligence charged against the appellant.

Evidence without conflict showed the following: The hotel, which has 150 rooms, was new, having been opened for business in November, 1927. It contained the first elevator erected in Big Spring. Before and after the hotel building was completed, children living in Big Spring, especially some who attended a school diagonally across the street from the hotel, went to the hotel to see the elevator and ride on it. Prior to the occurrence in question, the manager of the hotel, pursuant to instructions given him by the appellant, gave the elevator operators orders not to permit children who were not guests of the hotel to ride in the elevator, and he instructed the bell boys to keep school children out and off the elevators. There were children living in the hotel with their parents and frequently transient guests in the hotel had children with them. Those children were permitted to be carried in the elevator. At and prior to the time in question, the hotel was filled to its capacity, due to the oil situation in that locality at that time. The elevator which then was in operation was of a type customarily used in hotels or other buildings like appellant's hotel. The inside dimensions of the elevator are 5 feet and 2 inches wide by 5 feet and 3½ inches deep. It was entered by a door in the elevator shaft which must be closed before the elevator can be moved. There was no door or collapsible gate in the elevator itself. On Sunday morning, March 18, 1928, the appellee, a boy, then four years old, who lived with his parents in Big Spring, went with his sister, then eight years old, to Sunday school in a church near the hotel. After attending Sunday school, appellee and his sister, who was a pupil in the day school above mentioned, went to the hotel to ride on the elevator. They entered the elevator on the ground or office floor when no one was in the elevator except the operator. After the children went into the elevator the door was closed and the elevator started up. When the elevator started appellee's sister was in the back end of the elevator and had her hands on his shoulders. After the elevator started and while it was between the first and second floors, the appellee left the place where he had been with his sister, went to the front of the elevator, came in contact with the wall of the elevator shaft, was caught between the elevator and the wall of the shaft, and was injured. The only evidence as to the immediate circumstances of the occurrence was the testimony of the appellee's sister and of the elevator operator, Mrs. Bessie Cook. There was no conflict in their testimony, except that appellee's sister testified that when they went into the elevator, and before the door was closed, she asked the operator if they could ride, and she said they could; while the operator testified that after the two children got in the elevator, and after the door was closed and the elevator started up, she asked them which floor they were going to, and they said they were not going to any floor, whereupon the operator told them she could not take them for a ride. There was no contradiction of the testimony of the operator to the effect that just before appellee moved from where his sister had her hands on his shoulders the operator had turned to release the elevator to let it down, and that she did not see the appellee after he moved away from his sister until after he had been caught. The court denied a motion of the appellant that a verdict in his favor be directed.

■■ For the appellee the "attractive nuisance" doctrine was invoked. We understand that under that doctrine for one who maintains a dangerous instrumentality or appli-

ance on his premises of a character likely to attract children in play to be liable to a child injured thereby he must have been at fault in failing to provide a competent guard or custodian of the instrumentality or appliance or other means of protecting children from peril. Union Pacific Railway Co. v. McDonald, 152 U. S. 262, 279, 14 S. Ct. 619, 38 L. Ed. 434; N. Y., N. H. & H. R. R. Co. v. Fruchter, 260 U. S. 141, 144, 43 S. Ct. 38, 67 L. Ed. 173; United Zinc Co. v. Britt, 258 U. S. 268, 275, 277, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28; Nashville Lumber Co. v. Busbee, 100 Ark. 76, 92, 139 S. W. 301, 38 L. R. A. (N. S.) 754; 20 R. C. L. 83. A passenger elevator in a hotel in charge of a competent operator cannot properly be classed as an unguarded instrumentality or agency. There was no evidence tending to prove that the operator of the elevator was incompetent. We do not think that the doctrine mentioned is applicable to the state of facts disclosed by the evidence in the instant case.

■ According to one phase of the evidence the appellee was a trespasser, having entered and remained in the elevator without any kind of invitation or permission of the proprietor or the custodian of it, and having no lawful reason or excuse for being in the hotel or using the elevator. United Zinc Co. v. Britt, supra. There was no evidence tending to prove a breach by the appellant of the duty owing by the proprietor of premises to a trespasser thereon. 20 R. C. L. 57, 69.

■■ Under the other phase of the evidence, at the time of the injury appellee was in the elevator for the purpose of taking a ride after being invited or permitted to do so by the operator of it. In using the elevator for the entertainment of children who were not guests of the hotel and came there solely for the purpose of getting a ride in the elevator, the operator was not doing the work of her employer, but was doing an act which was not within the actual or apparent scope of her agency. An employer is not liable for a tort committed by his employee while the latter is doing something other than the employer's work, though an instrumentality of the employer is used by the employee for a purpose of his own. The employer's liability cannot be extended beyond the limits of the employer's work. Standard Oil Co. v. Anderson, 212 U. S. 215, 221, 29 S. Ct. 252, 53 L. Ed. 480; Silverado S. S. Co. v. Prendergast (C. C. A.) 31 F.(2d) 225; Buree v. Wabash R. Co. (C. C. A.) 241 F. 454; Sweeden v. Atkinson Improvement Co., 93 Ark. 397, 125 S. W. 439, 27 L. R. A. (N. S.)

124. Under the last-mentioned phase of the evidence, the act of the operator of the elevator in permitting the children to take a ride in it was done for a purpose foreign to the business of appellant, and was not an incident of carrying on that business. Under no aspect of the evidence was the appellant liable because the operator of the elevator in making such a use of it was lacking in care to keep the appellee, while he was in the elevator, from going from a place of safety to a place of danger. It follows that there is no occasion to determine whether the evidence relied on to sustain allegations that the elevator operator was negligent was such as to warrant the submission of it to the jury.

We conclude that appellant was not liable under any phase of the evidence, and that the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded with direction that a new trial be granted.

Reversed.