## SOUTHERN PAC. CO. v. MARQUEZ.
### No. 6192.

Circuit Court of Appeals, Ninth Circuit.
Nov. 3, 1930.

Rehearing Denied Dec. 6, 1930.

Francis M. Hartman, of Tucson, Ariz., for appellant.

L. Kearney, of Los Angeles, Cal., and James R. Dunseath, of Tucson, Ariz., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in an action to recover damages for personal injuries. The principal assignment of error is based on the refusal of the court to direct a verdict for the appellant at the close of the evidence. There was testimony tending to prove that for a number of years last past the appellant has maintained a turntable on the line of its road in the central part of Clifton, Ariz., a town of approximately 2,500 inhabitants. The turntable is located at a point forty or fifty feet from a public highway leading through the town, from which it is in plain view. The turntable was unguarded when not in use and the only lock or fastening to keep it in place consisted of a flat piece of iron or steel, with projections at either end, placed between the stationary rails and the rails on the turntable at the junction between the two. This locking or fastening device weighed approximately fifty pounds and could be removed from its position by lifting on a couple of rings inserted on its upper side, at either end, for that purpose. The lock or fastening could readily be removed from its position by a boy of 12 or 13 years of age, and had been so removed in the past. There was further testimony tending to prove that on different occasions, running over a period of several years before the accident, children were observed playing on and about the turntable. On the eve-

ning of the day of the accident, the appellee, a boy of 10 years of age, went from his home to a meat market in the town, about three-quarters of a mile distant, and, finding the meat market closed, he and his elder brother, about 13 years of age, repaired to the turntable, where a large number of children were engaged in play. The turntable was not locked or fastened in any way at the time, and as the appellee rode around on the revolving table his leg was caught between the rails on the table and the rails on the approach thereto, causing the injuries complained of. Of course, there was testimony tending to prove the contrary, but we are not concerned with mere conflicts in considering the sufficiency of the testimony to support the verdict.

■ We think the foregoing facts bring the case within the doctrine of the turntable cases, and that the question of negligence on the part of the appellant, including the question of the adequacy of the fastening device in use, and the question of contributory negligence on the part of the appellee, were for the consideration of the jury. Sioux City & P. Railroad Co. v. Stout, 17 Wall. 657. 21 L. Ed. 745; Union Pacific Ry. Co. v. McDonald, 152 U. S. 262, 14 S. Ct. 619, 38 L. Ed. 434; Edgington v. Burlington, C. R. & N. Ry. Co.. 116 Iowa, 410, 90 N. W. 95, 57 L. R. A. 561; Reynolds v. Iowa Southern Utilities Co. (C. C. A.) 21 F.(2d) 958. The doctrine announced in the Stout Case and reaffirmed in the McDonald Case, is well stated in the dissenting opinion in United Zinc Co. v. Britt. 258 U. S. 268, 277, 42 S. Ct. 299, 300, 66 L. Ed. 615, 36 A. L. R. 28: "In 1873, in Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, this court in a turntable case, in a unanimous decision, strongly approved the doctrine that he who places upon his land, where children of tender years are likely to go, a construction or agency, in its nature attractive, and therefore a temptation, to such children, is culpably negligent if he does not take reasonable care to keep them away, or to see that such dangerous thing is so guarded that they will not be injured by it when following the instincts and impulses of childhood, of which all mankind has notice. The court also held that where the facts are such that different minds may honestly draw different conclusions from them, the case should go to the jury."

And, in the majority opinion in the latter case, Mr. Justice Holmes said: "On the other hand the duty of one who invites another upon his land not to lead him into a trap is

well settled, and while it is very plain that temptation is not invitation, it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them, has the legal effect of an invitation to them although not to an adult."

He added, however: "But the principle if accepted must be very cautiously applied."

Counsel for appellant seems to concede that the issues were properly submitted to the jury under the authority of the Stout and McDonald Cases, but earnestly insists that these cases were overruled by the Britt Case and by New York, N. H. & H. R. R. Co. v. Frutcher, 260 U. S. 141, 43 S. Ct. 38, 67 L. Ed. 173. We cannot agree with the latter contention. In the Britt and Frutcher Cases the court simply refused to apply the doctrine of the turntable cases to a pond of poisoned water or to electric wires strung twenty-nine feet above the street. The most that can be claimed in that behalf is that the court has declared that the principle involved should be applied with caution and that the doctrine of the turntable cases should be restricted rather than extended. Further than this the court has not gone, and, so far as we are advised, it has never held that a recovery should not be permitted on facts similar to those presented here.

■ The admission of evidence tending to prove that the turntable was not locked or guarded is assigned as error. This assignment is based on the erroneous assumption that the appellant was under no legal obligation to furnish either lock or guard, and need not be further considered.

■ Again, the court refused to permit the examination of an additional witness on the part of the appellant, who would testify in substance that he passed by the turntable in question every day, sometimes several times a day, and sometimes at night, and that he never observed any children playing on or about the turntable. The testimony of the witness was apparently rejected because the court had previously limited the number of witnesses to be called by each of the parties to five. Without doubt, a court has some discretion as to the number of witnesses that may be called in a case like this, otherwise the entire community might be called on one side or the other, and we do not think that there was any abuse of discretion in the limit imposed by the court. In any event, we are satisfied that the mere negative testimony of

an additional witness, which had no direct tendency to contradict the testimony offered by the appellee, would not change the result.

During the course of the closing argument for the appellee, counsel for appellant said: "I object to those remarks as prejudicial, 'maiming children and killing men,' and ask that they be made a part of the record." To this the court replied: "Very well, let the record show that you have the exception." The rule is well settled that an exception to the argument of counsel, without more, does not raise any question for review either in the trial or appellate court. McDonough v. United States (C. C. A.) 299 F. 30, 38; Vendetti v. United States (C. C. A.) 27 F.(2d) 856, 858.

The judgment of the court below is affirmed.