Hillsborough, } Jan. 2, 1934. }

VASILIOS NICHOLAIDES *v.* WILLIAM F. WALLACE.

*Hurley & Connor* (*Mr. Connor* orally), for the plaintiff.

*Wyman, Starr, Booth & Wadleigh* (*Mr. Ralph E. Langdell* orally), for the defendant.

BRANCH, J. The motions for a nonsuit and a directed verdict were properly denied.

The plaintiff was struck by the defendant's truck as it was turning the corner from East Spruce Street into Pine street in the city of Manchester, upon May 2, 1931. At this point the former street intersects but does not cross the latter. It was not seriously denied at the argument that there was evidence of the defendant's fault. His admissions that he did not see the plaintiff at any time before he was hit and that he was engaged in using a hand-operated windshield wiper as he rounded the corner were plainly enough to require the submission of this issue to the jury.

The defendant argues with apparent earnestness, however, that the plaintiff was guilty of contributory negligence as a matter of law. This position is equally untenable.

The plaintiff testified that before he left the sidewalk on Pine street he looked in all three directions from which cars might be approaching, and saw none. The defendant argues that if he had looked up East Spruce street as he said he did, he could not have failed to see the car by which he was injured. The accident happened about 10:30 on a rainy, misty night, and the evidence was conflicting as to the distance which a person in the plaintiff's position could have seen up that street. The complete answer to the defendant's argument is found, however, in the testimony of the plaintiff that, after he looked, he waited a short time, described by him with obvious inaccuracy as "two minutes" and "one minute," before he started to cross Pine street. During this interval it is plain that a car previously out of sight might have approached the corner. Whether the conditions were such that the plaintiff ought to have looked again before stepping from the sidewalk was for the jury to determine.

The plaintiff further testified that after he left the sidewalk and had proceeded about four or five feet he again looked up East Spruce street and saw nothing. The defendant contends that this testimony convicts him of negligence as a matter of law because if he had then looked he must have seen the truck which struck him a moment later. The argument is the familiar one that he was negligent if he failed to look, or, looking, failed to see, which is frequently urged but seldom succeeds. *Jones* v. *Railroad*, 83 N. H. 73, 80. The first answer to this argument is that if the plaintiff looked as he says he did and saw all that the defendant says he must have seen, it cannot be said as a matter of law that he could then have avoided the accident, since the point at which he says he looked was almost exactly

the point at which he was struck, as disclosed by other evidence in the case. The defendant's car must have been almost in contact with him at that time.

If on the other hand the plaintiff's statement that he looked is to be disbelieved, it cannot be said as a matter of law that his failure to look was negligence. Having looked up East Spruce street before he started to make the crossing, it was for the jury to say whether due care required him to look again after proceeding only four or five feet. In any view of the evidence the plaintiff was entitled to have the question of his due care passed upon by the jury.

The foregoing considerations indicate the reason why the defendant takes nothing by his exception to the refusal of the court to charge the jury as follows:

"When a person testifies that he looked and did not see an approaching automobile which he must have seen had he looked, you may find such testimony is not worthy of consideration."

Since the plaintiff's testimony as set forth above constituted the essential basis for the defence of contributory negligence, it would have been highly improper to tell the jury that it was "not worthy of consideration."

During his argument to the jury, counsel for the plaintiff stated that the testimony of the plaintiff as to what he "was doing at that time . . . has not been disputed by a single soul, including the defendant, in this case." The defendant did not object to this statement at the time it was made, but immediately following the plaintiff's argument, the defendant presented to the court the following request for instructions:

"Plaintiff's counsel argued that Nicholaides' testimony was not contradicted even by the defendant. You are instructed that this is not logically true and that the general effect of the defendant's testimony, if believed, is to contradict the story told by the plaintiff."

Rule 52 of the superior court requires that "All requests for instructions must be handed to the presiding justice before the arguments," but inasmuch as the point covered by this request did not arise until the arguments were in progress, it is plain that this rule was inapplicable and the request, if otherwise proper, should have been considered by the court.

An examination of the record indicates that no witness did, in terms, controvert the testimony of the plaintiff as to what he did at the time of the accident. Counsel for the plaintiff was clearly within his rights in commenting upon this fact, and the form of his statement was in no way objectionable. It has never before been suggested

that it is any part of the duty of a trial judge to answer on behalf of one party the arguments of opposing counsel. If the defendant felt aggrieved by the above quoted statement, he might have secured relief in two ways, first, by objecting to the argument at the time and securing a ruling of the court upon it in accordance with the procedure recommended in *Tuttle* v. *Dodge*, 80 N. H. 304; or second, by asking leave to reply after the argument for the plaintiff was finished, as suggested in *Curtis* v. *Railroad*, 78 N. H. 116; *Mitchell* v. *Railroad*, 68 N. H. 96, 117; *Rogers* v. *Kenrick*, 63 N. H. 335, 341; *Amoskeag Co.* v. *Head*, 59 N. H. 332, 337. We therefore conclude that the innovation attempted in the present case is both unnecessary and undesirable, and the refusal of the court to follow the suggested procedure was not error.

The other exceptions taken by the defendant, which have not been argued, appear to be without merit and are overruled.

*Judgment on the verdict.*

WOODBURY, J., did not sit: the others concurred.