TASHJIAN v. BOSTON & MAINE R. R.
No. 3046.

Circuit Court of Appeals, First Circuit.
Nov. 27, 1935.

See, also, Muller v. Boston & Maine Railroad (D.C.) 9 F.Supp. 802.

Edward O. Proctor, of Boston, Mass. (Withington, Cross, Proctor & Park, of Boston, Mass., and Devine & Tobin, of Manchester, N. H., on the brief), for appellant.

Carl C. Jones, of Concord, N. H. (Demond, Woodworth, Sulloway, Piper & Jones, of Concord, N. H., on the brief), for appellee.

Before BINGHAM and MORTON, Circuit Judges, and BREWSTER, District Judge.

MORTON, Circuit Judge.

This is an action of tort for personal injuries. There was a verdict for the defendant, and the plaintiff has appealed. It was what is known as a "turntable case."

The defendant maintained in its railroad yard at Stoneham, Mass., a turntable which was used in connection with an engine house to turn around locomotives. It was of the usual construction. The plaintiff, a boy between nine and ten years old, joined some other children who were playing with the turntable. He jumped down into the shallow pit in which the turntable revolves while it was in motion, and was caught and crushed by it as he attempted to climb out of the pit. The children had no right to be on the turntable or to be playing with it; they were trespassers. It was located near a public street in a thickly settled part of the town; it was clearly visible from the highway; children frequently resorted to it and played with it; and this was well known to the railroad company's employees; at the time of the accident the turntable was unlocked and unguarded. According to defendant's testimony, its employees had taken a great deal of pains to safeguard the turntable; locks had been put on repeatedly, but they were broken off almost as fast as they could be replaced; complaints had been made to the schools, to the police, and in other quarters; there was nothing further which the company could do except to keep a watchman there. In view of the verdict, we need not go into the details of this evidence.

The plaintiff contended that the railroad was negligent in three particulars: (1) That the turntable was not locked; (2) that it was not guarded; and (3) that the bars by which it was pushed around were not removed. This District Judge, after full and admirable instructions to the jury on the general aspects of the case and the federal law of "turntable cases," which are not criticized, and after stating the plaintiff's grounds of complaint as above summarized, said: "It is a question of fact for you to determine whether the railroad was negligent in any of the particulars mentioned under the conditions disclosed by the evidence." He then concisely and impartially adverted to the evidence on the points referred to.

The plaintiff makes only two assignments of error, the first relates to an alleged unfair argument which the defendant's counsel was permitted by the presiding judge to make to the jury. In the course of his argument the defendant's counsel put to the jury, as an illustration of the "attractive nuisance" doctrine, an apple tree near the road in which the owner had left a defective ladder on which trespassing children climbed and were hurt, and he asked them whether the illustration was comparable to the situation before them under the claims which the plaintiff was making, that if so the "matter * * * affects every property owner." The argument was more elaborated, but this was the substance of it. The plaintiff objected to the argument while it was being made and excepted to the District Judge's ruling that the defendant's counsel was within his rights and might continue. A careful and thorough argument has been addressed to us that the illustration was wrong in law and that an apple tree with a defective ladder does not come within the "attractive nuisance" doctrine.

In our opinion, the ruling was right. Statements of law in an argument are not to be judged by the standards which apply to a charge to the jury. The function of the argument is quite different; it is to state the contentions of the party on the law and on the facts. Its purpose is to persuade not to instruct. It must be a fair presentation of a party's case and claims from his point of view; it must be confined to the evidence and must not appeal to passion or prejudice or sympathy in an unfair way. See Story v. Concord & Montreal Railroad, 70 N.H. 364, at page 375, 48 A. 288. But this does not mean that every statement of law in it and every illustration used must be meticulously sound and correct. Moreover, in the present case the defendant's argument was followed by that of the plaintiff, who had every opportunity to point out any alleged errors which the defendant's counsel had made, and by the charge of the judge which authoritatively stated the law to the jury. See Watts v. Derry Shoe Co., 80 N.H. 152, 154, 114 A. 859. If the legal effect of the illustration objected to was deemed of sufficient importance to warrant such a course, it was open to the plaintiff's counsel to request an instruction upon the point by the presiding judge; but no such request was made. This assignment of error cannot be sustained.

322

The other assignment of error is an exception to a statement by the judge to the jury in the charge, viz.: "That it was a question for the jury to consider whether this boy (the plaintiff) knew and understood and appreciated the fact that it was wrong for him to go upon the railroad property and particularly upon the turntable, or whether he and other children have (sic) so frequently visited it that he did not appreciate that it was wrong." As has been said, the case was submitted to the jury on an excellent charge of substantial length in which the various points of fact and the law which the case involved were fully and clearly explained. The statement objected to merely permitted the jury to take into consideration for whatever value they saw fit to give it the fact, if it were a fact, that the plaintiff knew it was wrong for him to go on the railroad property and on the turntable. Such knowledge by the plaintiff was, we think, relevant on the question of the defendant's negligence and duty. It was considered by the court in the Fruchter Case (New York, N. H. & H. R. Co. v. Fruchter), 260 U.S. 141, 43 S.Ct. 38, 67 L.Ed. 173, as showing an absence of duty to the plaintiff and as authorizing a directed verdict.

Judgment affirmed; as the appeal is forma pauperis, no costs.