**Earl REID (Plaintiff), Respondent,**

v.

**TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation (Defendant), Appellant.**

**No. 29758.**

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1957.

George P. Mueller, Evans & Dixon, John P. Montrey, St. Louis, for appellant.

Charles E. Gray, St. Louis, Terry, Jones & Welton, Kansas City, for respondent.

WOLFE, Commissioner.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., brought by the plaintiff, employee, for damages arising out of an injury that he sustained while attempting to repair a tank car for the defendant, employer. The trial resulted in a verdict and judgment for the plaintiff in the sum of $5,750 and the defendant prosecutes this appeal.

The evidence was that the plaintiff had been employed by the defendant for 22 years. He was a carman. This work entailed the repair of freight cars. On September 13, 1955, he was assigned to what is known as the "C. D." Repair Track, in East St. Louis, Illinois. A few days before the accident which caused his injury a tank car was sent to the repair tracks. This car was in need of mechanical repairs because its two center sills were bent. The center sills were the structural members that bear the weight of the freight load. They were two channel irons that ran the length of the car. The thickness of the iron of which they were made was about three-quarters of an inch. The sills were about thirteen inches apart. They were bent outwardly and downwardly to such an extent that the plaintiff and one of his co-workers stated that they had never seen sills so badly bent before.

The day before he was injured the plaintiff was told by the general car foreman and an acting foreman that the sills would have to be straightened by the use of jacks.

The plaintiff testified that he told the foreman and the acting foreman at that time that the sills were too badly bent to be straightened with jacks. Again on the day of his injury the plaintiff suggested that jacks should not be used, but he was told to go ahead. He testified that the proper way to have repaired the car was to have first emptied it by transferring the load of cocoanut oil with which it was filled; then to have removed the tank, and then to have taken the sills out. He said that if the sills had been taken out in this manner they could have been straightened by cutting out the bent parts and welding in new pieces.

The method that the plaintiff and his fellow employees were directed to use required that the damaged car should be placed on the center track of three parallel railroad tracks. On the outside tracks loaded cars were placed opposite the tank car. There was about four or five feet distance between these cars and the tank car. These outside cars were of the gondola type and were loaded with scrap iron. Four jacks capable of fifty tons of pressure were used. Two of these were placed under the car so that one was under each center sill. On either side of the tank car jacks were suspended by a crane so that they hung parallel to the ground. The base of the jacks so suspended were braced against wooden blocks which in turn were braced against the gondola cars on the outside tracks. There had to be enough of these blocks placed between the cars and the base of the jacks to bring the head of the jacks against the center sill of the tank car. These blocks were not all of the same size. Some were 12 x 12 inches, others 8 x 8 inches, and still others 6 x 8 inches. It was necessary to use one of the 12 x 12 blocks and from four to six of the smaller blocks on each side of the tank car. The jacks were operated by compressed air which was fed into them by hoses connected to compressed air lines that ran parallel to the tracks. There was a separate hose to each jack and one hose had a "Y" connection which ran to the two jacks underneath the car. The controls were on the permanent compressed air lines some 25 to 30 feet away from the jacks.

The crew working on the project were stationed at various places where they could control the pressure and watch the sills. The plaintiff was on the west side of the damaged car as far away from the jack as he could stand and at the same time watch the sills. It was necessary to watch the sills to see that they were not bent in too far. The plaintiff gave the signal to turn on the air to the man operating the air valve on the west jack. The block on one side slipped out and it was necessary to re-arrange the blocks. After this was done the plaintiff gave the signal and after the pressure was turned on the blocks buckled and one flew out with such pressure that it struck the top of plaintiff's left foot. A short time thereafter plaintiff was taken to the Missouri Pacific Hospital where he was found to be suffering from a fracture of the second metatarsal bone and his foot and leg were placed in a cast. There is no point raised as to the nature or extent of the plaintiff's injury, nor is any point made that the verdict was excessive, so it is not necessary to set out the medical testimony given.

There was testimony by two of the carmen that after plaintiff was injured they continued their efforts and the blocks again flew out. They said that they chained the gondola cars to the rails but that they still could not jack the sills on the tank car straight and that their efforts to do so were finally given up and the tank car was taken away.

██ When the testimony of the two carmen, as to what happened after the injury to plaintiff, was offered, counsel for the defendant objected on the ground that such evidence was immaterial and that the care exercised by the defendant was not to be measured by events that followed the injury. The court overruled this objection and it is here contended that it erred in so doing. It is a general rule that events

which occur after the happening of an accident resulting in an injury are not evidence of the negligence charged against the plaintiff. Such evidence is, however, admissible for various other reasons. Hickey v. Kansas City Southern Railway Co., Mo., 290 S.W.2d 58. In the case under consideration there was evidence that defendant had directed plaintiff to follow an improper method of repair and proof that the method employed would not work was admissible. Hickey v. Kansas City Southern Railway Co., supra; Brule v. Mayflower Apartments Co., Mo.App., 113 S.W.2d 1058; Wallingford v. Terminal Railroad Ass'n of St. Louis, 337 Mo. 1147, 88 S.W.2d 361; Orr v. Shell Oil Co., 352 Mo. 288, 177 S.W.2d 608.

■ The next point relied upon is that the court erred in giving, at the request of the plaintiff, a verdict-directing instruction designated as Instruction No. 1. The complaint goes to the first paragraph which informed the jury that the action was under the Federal Employers' Liability Act and that under the act the defendant "is liable in damages to an employee suffering injury * * * if such injuries resulted in whole or in part from the negligence of defendant * * *". It is contended that the statement is abstract in that it was not limited to any factual submission. The paragraph, which was introductory in nature, did not direct a verdict and the instruction continued by a definition of negligence and set out the specific facts necessary to be found for the return of the verdict the whole instruction directed. There is no contention that the instruction does not correctly state the law. 45 U.S.C.A. § 51. Nor is there any complaint that the facts required to be found were not properly hypothesized in the paragraphs following the part complained of. It does not therefore appear that a jury would be confused or misled by it. Similar general statements of the law when followed by the facts required to be found have been held not to be prejudicially erroneous. Winters v. Terminal Railroad Ass'n of St.

Louis, 363 Mo. 606, 252 S.W.2d 380; Hilton v. Thompson, 360 Mo. 177, 227 S.W.2d 675.

■■ The final point raised is that the court erred in giving the following instruction:

"The Court instructs the jury that if you find and believe from the evidence and under the other instructions of the Court that defendant, Terminal Railroad Association of St. Louis, failed to provide plaintiff with a reasonably safe manner in which to do his work, and was thereby negligent; and if you further find and believe from the evidence and the other instructions of the Court that plaintiff sustained injuries as a direct result thereof, you are further instructed that under the Federal Employers Liability Act, plaintiff shall not be held to have assumed the risk of his employment, and you cannot find against plaintiff on the grounds that he assumed the risk involved."

Again there is no contention that this is not a proper declaration of the law, but it is said that it did not apply to the issues pleaded and that it was broader than the pleadings and the evidence. We are cited to McCurry v. Thompson, 352 Mo. 1199, 181 S.W.2d 529, as authority for holding such an instruction erroneous. That case presented quite the converse of the one before us, for there the instruction exonerated the defendant from liability if the injury was from risks incidental to the work which the plaintiff assumed. The instruction was beyond the pleadings and the court so held. This case was later held not to be controlling in Ford v. Louisville & Nashville Railroad Co., 355 Mo. 362, 196 S.W.2d 163. In that case, though not pleaded, the evidence presented matters from which the question of the assumption of risk might be raised, and it was held that an instruction on the assumption of risk was not erroneous. As stated in Abernathy v. St. Louis-San Francisco Railway Co., Mo., 237 S.W.2d 161 loc. cit. 163,

**634**

"What was really attempted to be accomplished by the instruction was to keep such issues out of the case." Such instruction while not treating of the issues raised by the pleadings are of a cautionary nature to be given or refused in the sound discretion of the trial court. Holmes v. Terminal Railroad Ass'n of St. Louis, 363 Mo. 1178, 257 S.W.2d 922; Curtis v. Atchison, T. & S. F. Ry. Co., 363 Mo. 779, 253 S.W.2d 789. Under the authority of the foregoing cases, the giving of the instruction was not erroneous.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.