163 So.2d 15 (1964)
Earl L. STAGER, Appellant,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, Appellee.
No. 63-346.
District Court of Appeal of Florida. Third District.
April 7, 1964.
Rehearing Denied May 6, 1964.
*16 Frates, Fay & Floyd, Miami, for appellant.
Bolles, Prunty, Martin & Goodwin and Kenneth L. Ryskamp, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
Appellant, plaintiff in the trial court, appeals from a favorable final judgment in an F.E.L.A. action against the appellee, wherein and whereby he secured a verdict in the sum of $15,000.00. In and by his complaint, the appellant sought damages for an injury allegedly sustained while lawfully engaged in his occupation as an engineer on the railroad, which injury occurred because of an unnecessary jar or jolt to the car or cab in which he was riding, occasioned because of the failure of a fellow employee to give an appropriate signal. The alleged injury was to the plaintiff's lower back. Between the date of the injury and the trial, the plaintiff underwent several operations by two doctors and was examined by several other doctors of his own choosing and by a court-appointed physician. The appellant has preserved the following points for review, upon which he contends the trial judge erred in the conduct *17 of the proceedings, entitling him to a new trial, to wit:
1. That the court erred in limiting the number of doctors who could testify.
2. That the court erred in refusing to permit into evidence a letter allegedly containing certain admissions against interest.
3. That the court erred in refusing to direct a verdict for the plaintiff on the issues of contributory negligence.
4. That the court erred in refusing to instruct the jury that the defense of assumption of risk is not available in an F.E.L.A. case.
5. That the court erred in instructing the jury that any damages awarded were not subject to Federal Income Tax.
6. That the court erred in charging the jury on proximate cause.
7. A cumulative point that the acts of the trial judge, above enumerated, denied the plaintiff due process of law.
As to the first point [limiting the medical testimony to two doctors, pursuant to Rule 1.16(4) F.R.C.P., 30 F.S.A.], a trial judge is charged with the conduct of a trial and only such conduct on the part of the trial judge as would result in an abuse of discretion, depriving a party of due process of law, would warrant an appellate court directing a trial judge as to the manner of conducting his courtroom. See: Rose v. Yuille, Fla. 1956, 88 So.2d 318; H.I. Holding Company v. Dade County, Fla. App. 1961, 129 So.2d 693; 32 Fla.Jur., Trial, § 16; 35 Fla.Jur., Witnesses, § 154. The limiting of a number of witnesses for a given side has long been recognized as appropriate. See: Southern Pacific Co. v. Marquez, 9th Cir.1930, 44 F.2d 286; Montrose Contracting Co. v. Westchester County, 2nd Cir.1938, 94 F.2d 580; Redondo Beach School District of Los Angeles County v. Flodine, 1957, 153 Cal. App.2d 437, 314 P.2d 581; Swope v. City of Seattle, 1904, 36 Wash. 113, 78 P. 607; Rule 1.16(4), F.R.C.P. With the exception of the court-appointed physician [whose testimony will be commented on later], the plaintiff failed to proffer what evidence he would have sought to elicit from the witnesses he was prevented from calling and, without such a proffer in the record, it is impossible for an appellate court to determine whether the refusal to permit the additional witnesses constituted error. See: Green v. Hood, Fla.App. 1960, 120 So.2d 223; Musachia v. Terry, Fla.App. 1962, 140 So.2d 605; Seaboard Air Line Railroad Company v. Ellis, Fla.App. 1962, 143 So.2d 550. As to the court-appointed physician, this cause was before the trial court on two occasions. The first trial resulted in a mistrial. Prior to the first trial, the judge announced his two-witness limitation as to medical evidence. Also prior to the first trial a court-appointed physician had been appointed and had examined the plaintiff. During the interval between the first and second trials, the plaintiff visited the court-appointed physician [not pursuant to any court order or agreement of counsel] and was treated by said doctor. Upon the second trial, the trial judge concluded that to permit evidence of the subsequent examination by the court-appointed physician [which examination was in the nature of that of a treating physician] would violate his previous admonition that only two medical witnesses would be permitted. No error in excluding the doctor's testimony on this ground has been made to appear. What he would have testified to was proffered in the evidence and its effect was that the plaintiff was unable to continue in the occupation of a railroad engineer. However, this evidence would merely have been cumulative to that testified to by the two treating physicians. Lastly, the appellant urges that he was entitled to cross-examine the court-appointed physician because, on direct examination, said physician was asked questions concerning his examination during the visit between the two trials. An isolated reading of one question may indicate such a question on direct examination. However, a full reading of the direct testimony and a full *18 reading of the questions propounded on direct examination indicates that the court-appointed physician was examined only as to results of the examination which he conducted pursuant to the court order. Therefore, there is no merit found in the contention that plaintiff's counsel was not permitted to cross-examine.
As to the second point, the letter in question reads, in pertinent parts, as follows:
"For your responsibility in connection with your failure to be in proper position and pass signals when making movement on to Track No. 2 with a cut of cars * * * resulting in rough coupling and personal injuries being sustained by [Plaintiff] while working as switchman * * * your service record is being assessed with thirty demerits."
At the time of the trial, the offending fellow employee testified that he failed to give the appropriate signal. With this direct testimony in the record, that part of the letter which might have tended to prove these elements would merely have been cumulative and the conclusions of the writer [evidenced by the remaining allegations of the letter] obviously were conclusions drawn from hearsay statements given to him and, therefore, were not appropriate to be considered by the jury.
As to the third point, no error has been demonstrated in failing to direct a verdict for the plaintiff when the record is examined in light of the following authorities: Davis v. Florida East Coast Railway Company, Fla.App. 1962, 138 So.2d 97; Lehigh Valley R. Co. v. Normile, 2 Cir.1918, 254 F. 680; La Mere v. Railway Transfer Co., 125 Minn. 159, 145 N.W. 1068; Salisbury v. New York Central R. Co., 220 App. Div. 491, 222 N.Y.S. 38. These decisions clearly indicate that when one who knows of an obvious condition which could result in sudden stops or jerks fails to brace himself, he may be guilty of negligence.
As to the fourth point, no error is demonstrated in failing to permit a charge on assumption of risk, in that this defense was not plead by the railroad and, generally, the granting or giving of this charge is within the discretion of the trial judge. See: Abernathy v. St. Louis-San Francisco Railroad Co., Mo.Sup. 1951, 237 S.W.2d 161; Reid v. Terminal Railroad Assn. of St. Louis, Mo. App. 1957, 306 S.W.2d 630; Kiger v. Terminal Railroad Assn. of St. Louis, Mo.Sup. 1958, 311 S.W.2d 5.
As to the fifth point, relative to the Federal Income Tax question, this contention has been answered adversely to the appellant by the decision of the Second District Court of Appeal, cited as: Poirier v. Shireman, Fla.App. 1961, 129 So.2d 439.
As to the sixth point, the charge as to proximate cause went to damage and not injury, no error is demonstrated in the giving of this charge in light of the principles announced in the following: Chomont v. Ward, Fla. 1958, 103 So.2d 635; 9 Fla.Jur., Damages, § 12.
Lastly, the seventh point contends that the cumulation of errors, above discussed, on the part of the trial judge denied the plaintiff due process of law. It was candidly conceded by counsel for plaintiff during oral argument in this case [if not in his brief] that the jury's verdict on the evidence presented to it was not inadequate. In other words, it was an adequate verdict upon the evidence presented to it.
Having concluded that the trial judge committed no error in excluding the evidence referred to in Points 1 and 2, the 7th point relying for reversal on the cumulative effect on the errors alleged in the first 6 [and we have by this opinion disposed, as to the first 6 points, adversely to the appellant] then, of necessity, the seventh point must fail.
The record in this case consists of approximately 1,100 pages, some 600 of which constitue the trial transcript. Following *19 a review of this record in its entirety, it is apparent that the plaintiff received a fair trial and a verdict which is supported by the evidence. Even though it is apparent that the verdict might have exceeded that awarded by the jury, this conclusion alone does not warrant the granting of a new trial. Generally, in order to be entitled to a new trial, it is incumbent upon an appellant [particularly when he received a favorable verdict in the trial court] to demonstrate error on the part of the trial judge, but for which he would have received an increased verdict from the jury. An examination of this record fails to indicate any such action on the part of the trial judge in this cause. Therefore, the final judgment here under review is hereby affirmed.
Affirmed.
HENDRY, J., dissents.