[S. F. No. 12359. Department Two.—April 11, 1928.]

GERTRUDE WALLACE et al., Appellants, v. GREAT WESTERN POWER COMPANY (a Corporation), Respondent.

16

Collins, Roan & Collins and C. K. Bonestell for Appellants.

Guy C. Earl, W. H. Spaulding and Crosby, Naus & Crosby for Respondent.

RICHARDS, J.—The plaintiffs commenced this action for damages for the death of their minor son, a boy of a little over twelve years of age, caused by his coming in contact with a high-voltage cable located upon and passing through an electric tower within the limits of the city of Oakland, which cable and tower were being maintained by the defendant for the purpose of the transmission of an electric current of high voltage along its power lines and into said city. The tower in question was one of a series of steel-framed towers which the defendant had constructed, and was maintaining to about the number of seven to a mile, from its power-producing plant to said city. This particular tower was situated upon the slope of a hill in the open country which lies in the outskirts of the city of Oakland

and which is used quite generally by outing parties and for picnic purposes, the land upon which it was located not being inclosed nor the public being excluded from its use. At the time of the injury to the plaintiffs' son which caused his death he, with a companion of about the same age, was playing in the vicinity of this tower, and it was suggested by one of them that they climb the tower. There was no ladder or other means of ascending the tower except that of "shinnying" up its vertical supports to reach its horizontal braces, which begin about eight feet from the ground and form a series of from six to eight feet apart to the summit. The lowest wires which are supported by this tower rest upon cross-arms thirty-three feet from the ground. Plaintiffs' son climbed this distance of thirty-three feet up the tower until he arrived at said cross-arms, and either crept to or came sufficiently near one of said high-voltage wires to receive the shock which caused his death. The cause was tried before a jury, but at the conclusion of the plaintiffs' case the defendant moved for a nonsuit upon a number of grounds, among which was that the deceased boy was guilty of contributory negligence as a matter of law. The trial court granted the motion for nonsuit upon all grounds and entered judgment accordingly in the defendant's favor, from which the plaintiffs have prosecuted this appeal. While the appellants undertake to discuss a number of questions involved in the defendant's motion for nonsuit and which relate to the negligence of the defendant in the maintenance of the structure in question, practically the only question which is presented upon this appeal is the question as to whether or not the trial court was in error in granting the motion for nonsuit upon the ground that the deceased boy was guilty of contributory negligence as a matter of law. In determining this question it may be conceded that the question of contributory negligence, especially where the evidence is in any material degree conflicting, is a question of fact for the jury and it may also be conceded that the question as to whether children of the age of about fourteen years or younger have been guilty of contributory negligence in relation to the instrumentality which has caused their injury or death is, as a general rule, a question of fact for the jury. The determination of this question, however, depends upon what the evidence discloses

as to the degree of intelligence of the minor and as to his opportunity for knowing or being aware of the danger which attends his coming or bringing himself in contact with such dangerous instrumentalities or agencies as are high-power electric wires. Assuming the defendant herein to have been guilty of negligence in the maintenance of this electric tower in an open and unguarded state within the limits or vicinity of a populous city and without the presence of signs or devices which would give warning to persons who might be tempted to play upon or ascend the tower, the trial court was still in a position, upon motion for nonsuit, to determine from all of the circumstances of the case whether the deceased boy, though a minor, was sufficiently intelligent and sufficiently familiar with the dangers incident to contact with high-power electric wires that his action in ascending this tower by the difficult means of ascent afforded and to the height and place of danger to which he did thus succeed in climbing, was to be held guilty of negligence as a matter of law. ■ The courts of the country have quite generally held that the action of the trial court in determining this question either way will not, as a rule, be disturbed by an appellate tribunal in the absence of a clear showing of abuse of discretion on the part of the trial court in the granting or in the denial of a motion for nonsuit based upon that ground. (*Mayne* v. *San Diego Elec. Ry. Co.*, 179 Cal. 173 [175 Pac. 690], and cases cited.) We are unable, in the light of the facts as presented in the instant case, to determine that there was such abuse of discretion on the part of the trial court, and this being so we are unable to declare that the action of the trial court in granting the defendant's motion for nonsuit upon that ground was reversible error.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.