## MINICK v WINDSOR BRICK CO

Ohio Appeals, 9th Dist, Summit Co

No. 1479. Decided Jan 4, 1929

Lee J. Myers, Akron, for Minick.
Mather, Nesbitt & Willkie, Akron, for Brick Co.

**WASHBURN, PJ**

The Supreme Court of Ohio, as well as a large majority of the various courts of the states of the union, has definitely repudiated the doctrine of the turntable or attractive nuisance cases.

Railroad Co. v. Harvey, 77 O.S. 235.

United Zinc & Chemical Co, v Van Britt, 258 U.S. 268.

Hannan, Admr., v. Ehrlich, 102 O.S. 176.

The question is, is the defendant liable because it exposed said boy to a "hidden danger" upon its premises?

There is no evidence tending to prove that when installed, said wire was not properly insulated nor that the company had any knowledge that the wire was in such condition as to make it dangerous to come in contact with it; indeed, the only evidence in support of the allegation in the petition that the wire had become worn and uninsulated is the fact that the boy was injured by coming in contact with it.

There was no evidence tending to show that when injured the boy was proceeding along any path or a path commonly used by licensees or that the defendant had created a new danger or that it was operating in any manner other than its usual and customary manner, which it had followed for the preceding ten years.

We do not think that the authorities will warrant the conclusion that a manufacturing company, by the mere maintenance, upon its land, of a wire charged with electricity for ordinary and lawful purposes and incident to its use in carrying on a lawful business, which wire was properly insulated and installed, but which without the knowledge of the company, has become worn and partially uninsulated, can properly be said to have exposed to a hidden danger, one who, subsequent to such installation, has become a licensee and has been injured by coming in contact with said wire while upon said company's premises; nor will the maintenance of such a wire, under such circumstances, make the one who maintains it a wilful tort-feasor with respect to a licensee who comes in contact with said wire.

Under the record in this case, the trial court was justified in directing a verdict in favor of the defendant, and the judgment is affirmed.

Funk, J, and Pardee, J, concur.