## MILLER, Admr v SUBURBAN POWER COMPANY

Ohio Appeals, 5th Dist, Knox Co

Decided January 20, 1930

Mr. F. O. Levering, Mt. Vernon, for plaintiff in error.

Mr. Henry C. Devin, Mt. Vernon, and Mr. J. R. Kistner, for defendant in error.

SHERICK, J.

The first question that naturally presents itself to this court is: Is this such a case as involves a question of contributory negligence, and, if so, is that the decisive question of this suit? If such be true, this court would quickly accede to the claim of the plaintiff in error that the trial court had erred in not submitting the issues to the jury. In order that this question may be correctly answered, it must necessarily be considered whether the defendant was in any way negligent, or whether it was derelict in any duty owing by it to the boy.

The facts show that the line was built to the plaintiff's tenements in the early fall, or some two months prior to the boy's death, without complaint on the part of the plaintiff lessee, or the lessor, Jones; that on the 14th day of September, 1927, the defendant procured from the lessor, Jones, a proper and sufficient right of way easement, and that thirteen days thereafter the lad was electrocuted. From these facts it must be concluded that at the time of the boy's death the defendant was rightfully in possession of that part of the plaintiff's dooryard upon which its poles were erected. It is equally true that the boy had a right to play within and upon his dooryard, which was his natural playground, and he therefore was not a trespasser therein. It therefore follows that the rule of law applicable in this case seems at first blush to lead us to the reason of an attractive dangerous device, left or constructed in a public place, as announced in **Klingensmith v Scioto Valley Traction Co, 18 Oh Ap 290,** and **De Groodt, Exrx v Skrbina, Admr, 11 Oh St 108, 144 N. E. 601, 38 A. L. R. 591,** rather than to the rule found in **Wheeling & Lake Erie Rd Co v Harvey, 77 Oh St 235, 83 N. E. 66, 19 L. R. A. (N. S.), 1136, 122 Am. St. Rep., 503, 11 Ann. Cas., 981; Hannan, Admr v Ehr-**

**lich, 102 Oh St 176, 131 N. E., 504,** and **Minick v Windsor Brick Co, 30 Oh Ap 232, 164 N. E. 769,** wherein the doctrine of the turntable cases was repudiated as an exception to the general rule that children of tender years may not trespass upon the property of another when the device or nature of the place is attractive and inviting to them.

We do not deny the reason and authority of the **Klingensmith** and **De Groodt** cases under the state of facts therein, but content ourselves with the assertion that the facts in the instant case are dissimilar in a marked degree. In this action, the defendant had no knowledge that this boy was climbing its poles; nor was it proved that the two poles and wires thereon had been constructed and maintained in a faulty manner. True, the testimony of the plaintiff in this instance must be given the benefit of any reasonable inference that might be drawn therefrom, but such an inference cannot be carried to an illogical conclusion that the company was negligent in its construction and maintenance, in the absence of a total lack of proof of that fact.

We have in mind the fact that boys are prone to climb and do daring things, without an understanding of the dangers incident thereto, and at a time not long distant a pole might have been attractive to a small boy; but we must now remember that there are approximately 85,000 miles of public roads in Ohio, and thousands of miles of city and village streets and ways, few of which do not carry pole lines of some description and kind, that millions of poles are now in use in this state, and that boys of thirteen years of age are few indeed who do not know that these wires and lines carry electricity in varying degree. So that it may now safely be said that poles, wires and cross-arms are not attractive, even to children, and are now, in fact, unattractive and unsightly, so as to cause search for a means to avoid their use. It will be remembered that the poles in question had no spikes or nails in them and no steps or ladders on them even for the convenience of the company's employees; and it seems to this court that it would indeed be presumptuous to assume that the defendant, or any reasonable man, could or should have anticipated that this boy or any lad would invent some form of foot-climbing device by means of which he might climb these poles.

The defendant's poles in this dooryard were its property, just the same as if it had erected thereon some structure. The boy had the right to be there, but while he had the right to be in the yard he had no right

to get upon the poles, and in so doing he became a trespasser upon the property of the company, and, just the same as an adult, must be held to have assumed the risk incident thereto.

It is insisted that it was the duty of the defendant to have notified the plaintiff and his family that the current had been turned on, and that these wires were hot, and that a proper notice should have been posted on these poles, which would have notified this boy of the dangerous agency carried on these wires. We are not convinced of the soundness of these claims. The plaintiff and his family knew that this line had been completed, and that the villages along this line were being served or to be served. They knew this was a highly charged line. The boy had been warned by members of his family not to climb these particular poles. If these admonitions failed to deter this boy from climbing these poles, we are of the opinion that a posted notice would not have stopped him. Be that as it may, however, the fact that these notices were not given and posted could not be an omitted duty amounting to a negligent act that would be wanton and willful in character.

The defendant company did all in its power to place its wires out of the reach of this boy, and the public at large, locating them at the tops of smooth poles, twenty-eight to thirty feet in height, according to the present known practice, use and custom. Surely there must be some limit to the liabilities of parties lawfully conducting their business, both as to boys and others. A child is not licensed to go wherever he can find that which attracts him and thereby charge the duty of protecting him upon every other member of a community, except his parents; and it is not logical or just that, in our anxiety to prevent personal injuries to children, which each of us personally regrets, we should go so far as to disregard the private and property rights of others.

We believe that the court in the case of **Stansfield v Chesapeake & Potomac Telephone Co, 123 Md 120**, 91 A., 149, 151, 52 L. R. A. (N. S.), 1170, rightly states that "where, however, as in the present case, those engaged in the distribution of electric current have placed their wires above and beyond the sphere of peril to the public and to the occupants of neighboring premises, it would be subjecting them to an unduly strict responsibility to require them to provide against the possibility that their own appliances might be utilized by strangers as a means of access to the conditions which prove to be injurious."

We feel that the rule announced in this case is fully supported by reason and the modern authority herein previously cited. The rule is further approved in Simonton v Citizens Electric Light & Power Co., 28 Tex. Civ. App., 374, 67 S. W., 530; Graves v. Washington Water Power Co., 44 Wash., 675, 87 P., 956, 11 L. R. A. (N. S.), 452; Grube v. Mayor of Baltimore City, 132 Md., 355, 103 A., 948, L. R. A., 1918E, 1036; Howard v. St. Joseph Transmission Co., 316 Mo., 317, 289 S. W., 597, 49 A. L. R., 1034; State, ex rel. Kansas City Light & Power Co., v. Trimble, 315 Mo., 32, 285 S. W., 455, 49 A. L. R., 1047; Mayfield Water & Light Co. v Webb's Admr., 129 Ky., 395, 33 Ky. Law Rep., 909, 111 S. W., 712, 18 L. R. A. (N. S.), 179, 130 Am. St. Rep., 469; and **Lawrence v Cleveland Electric Illuminating Co, 27 O L R, 307.**

It is therefore the finding of this court that the defendant company was not negligent, nor did it owe a duty to this boy which it failed to discharge. It must follow that the judgment of the trial court is approved, and the cause affirmed.

LEMERT, PJ and HOUCK, J, concur.