[Civil No. 3104. Filed February 16, 1932.]

[8 Pac. (2d) 255.]

SALT RIVER VALLEY WATER USERS' ASSO-CIATION, a Corporation, Appellant, v. KEN-NETH GREEN, By and Through JASPAR E. GREEN, His Guardian Ad Litem, Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellant.

Messrs. McNabb & De Camp, for Appellee.

LOCKWOOD, J.—Kenneth Green, hereinafter called plaintiff, brought suit by and through Jaspar Green, his guardian *ad litem,* against Salt River Valley Water Users' Association, a corporation, hereinafter called defendant, to recover for damages alleged to have been incurred by plaintiff as the result of an electric shock received by him through contact with certain high-power transmission wires owned and operated by defendant. The case was

tried to a jury, which returned a verdict in favor of plaintiff in the sum of $3,000, and from the denial of the usual motion for a new trial, and from the judgment rendered on the verdict, defendant has appealed.

The legal issues raised by the pleadings and evidence and necessary for the determination of this case are, with one exception, identical with those raised in the case of *Salt River Valley Water Users' Association* v. *Compton, ante,* p. 491, 8 Pac. (2d) 249, and in order to simplify and shorten this opinion we refer to the Compton case from time to time as may be necessary. The amended complaint on which this case was tried is substantially identical with that set forth in the Compton case, with the exception that in the present case the complaint alleges that the corporation commission of Arizona had on February 17, 1928, in its amended Order No. 37, ordered that the National Electric Safety Code, as adopted and published by the Bureau of Standards of the Department of Commerce of the federal government in certain handbooks described in the complaint, should be adopted as the rules and regulations of the commission governing the installation and maintenance of electric construction by public service and other corporations under its jurisdiction, and that the pole erected and maintained by the defendant, and upon which plaintiff was when he was injured, violated said amended Order No. 37.

The undisputed facts in this case show that plaintiff, a boy of about eleven years of age, climbed upon one of the poles of defendant, which was erected on the public highway, and while on such pole received an electric shock from a high-power transmission wire thereon, as a result of which he fell from the pole and was severely injured. The testimony of plaintiff in this case, like that of the plaintiff in the Compton case, shows conclusively that he

was attracted to the place where he received the shock solely by a bird's nest which had been built in the cross-arms of the pole, some 25 or 30 feet above the ground. It therefore necessarily follows that plaintiff herein cannot recover on the theory of common-law negligence or attractive nuisance, for the reasons set forth in the Compton case.

There remains, however, the question of statutory negligence. As we said in the Compton case, the violation of a regulation made under proper authority in the interests of safety is negligence *per se,* if such violation is the proximate cause of an injury. If, therefore, there is evidence in the record showing that defendant did violate a valid regulation affecting it, and plaintiff was injured thereby, there would be a *prima facie* case to go to the jury, subject to the usual defenses applicable under such circumstances. The trial court, although denying the motion to strike the allegations regarding a violation by defendant of the regulations of the corporation commission, upon the trial became convinced that such regulations were not binding upon defendant, and therefore refused to admit them in evidence, or to submit the case to the jury upon the theory of statutory negligence. We are of the opinion that upon the record as made, this was correct.

We need not now decide whether or not defendant belongs to the class of corporations subject to the jurisdiction of the commission so far as safety regulations are concerned, for it appears affirmatively in the record that at the time amended Order No. 37 was adopted no notice was given to defendant of the pending amendment, and that the same had never been served on it as provided by statute. Paragraph 2340, Rev. Stats. Ariz. 1913 (Civ. Code).

It appearing conclusively from the record in this case that defendant was not guilty of any statutory or common-law negligence which was the proximate

cause of any injury received by plaintiff, and that under the latter's own testimony the doctrine of attractive nuisance did not apply to the facts of the case, it is ordered that the judgment appealed from is reversed and the case remanded to the trial court, with instructions to enter judgment for the defendant.

McALISTER, C. J., and ROSS, J., concur.