KELLER, APPELLANT, *v.* THE OHIO PUBLIC SERVICE CO., APPELLEE.

(No. 576—Decided October 18, 1943.)

*Messrs. Young & Young,* for appellant.
*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellee.

STUART, J. This case is in this court on appeal on questions of law from the judgment of the Court of Common Pleas in favor of the defendant and dismissing plaintiff's petition after it sustained a demurrer thereto and plaintiff had stated that he did not desire to plead further.

The petition alleged that the defendant, on June 19, 1941, was engaged in selling and distributing electricity and had erected a series of poles on the public highway named in the petition; that the pole on which the incident stated in the petition occurred had been erected and there maintained by the defendant for several years and was equipped with transformers and wires containing electricity in the quantity and amount of

7,200 volts; and that such pole had no warning or notice thereon of any danger. It is further alleged that on that day a squirrel that had escaped from its owner, who lived in the vicinity of this pole, had, a day or two before the date in question, gone up this pole and occupied the transformer or place where the transformer was housed; that plaintiff in an attempt to capture and return the squirrel to its boy-owner, placed a ladder against the pole and ascended it, and observing that the squirrel was in a good-sized bird nest located in such transformer and out of reach of the plaintiff, undertook to descend to the ground; and that he had stepped down either two or three rounds of the ladder "when the squirrel in an undertaking to escape from said pole in some manner caused a short circuit of the wires whereby in some manner a powerful charge of electricity escaped from the wires and struck this plaintiff, inflicting very serious injuries." The petition is silent as to the fate of the squirrel.

In the case of *Hetrick, Admx.,* v. *Marion-Reserve Power Co.,* 141 Ohio St., 347, 48 N. E. (2d), 103, in which the facts are very similar to those in the instant case, except that the plaintiff's decedent was a public employee properly engaged in grading the highway in which the utility pole was located, the Supreme Court says, on page 356:

"We think that the presence of these suspended wires, in and of themselves, is a warning to the adult public of potential danger."

And again, on page 360:

"* * * Can it be said that the power company would or should reasonably have anticipated that any person traveling by vehicular equipment upon this mud road, would accidentally get such equipment into the ditch and knock down the pole, and that the person so traveling would then with a hammer attempt to break

the glass insulator for the purpose of disengaging the wire which suspended the pole upon the grader? We do not think that the power company should be held negligent for failing to foresee or to reasonably anticipate such a result.''

In that case, the decedent was lawfully and properly in the vicinity of the pole and accidentally came in contact with it. Here, the plaintiff of his own volition contacted the pole, trespassed upon the defendant's property and deliberately placed himself in a position of danger. He assumed the risk. To say the least, the facts establish that but for his act the incident would not have occurred.

It is elemental that one owes no duty to a trespasser upon his property, except not to wilfully injure him.

We do not think the defendant should be held negligent for failing to foresee that an adult person would go squirrel-hunting upon its pole and that the squirrel, alarmed by the pursuit, would short circuit its wires lawfully installed thereon, nor for failing to reasonably anticipate such a result.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.