MILLER, Adm'r, v. OKLAHOMA POWER & WATER CO.

No. 31084. May 2, 1944.

*148 P. 2d 980.*

Rehearing Denied May 23, 1944.

---

Bailey E. Bell, of Tulsa, and G. K. Sutherland, of Hominy, for plaintiff in error.

Doerner, Rinehart & Stuart and Jack Langford, all of Tulsa, for defendant in error.

GIBSON, V. C. J. This is a consolidated appeal by plaintiff below from two judgments rendered against him in wrongful death actions wherein he sought to recover damages for pain and suffering of his decedent, and damages on behalf of the latter's next of kin pursuant to 12 O. S. 1941 §§ 1051, 1053.

Defendant moved for directed verdict in both cases. Whereupon the causes were withdrawn from the jury and judgments rendered for defendant.

Decedent met his death as a result of electric shock received on coming in contact with a high voltage power line belonging to defendant. He was in the employment of one Walker, a plumbing contractor, and had allegedly gone to the place where the fatal accident occurred at Walker's direction to take down an electric cable that was out of use.

Plaintiff alleged that the defendant was the owner of a rural electric high line, and that at a certain point thereon it served electric current to the home of one Harry Red Eagle. Two separate currents ran from a transformer on one of defendant's poles to the Red Eagle farm; one to the residence, and one to an electric water pump some distance away. Red Eagle owned the latter line but had discontinued its use; and the current had been cut off. This line he traded to said Walker.

It was further alleged that the deceased and another of Walker's employees, one Trammel, were directed by Walker to remove the cables; that deceased climbed the pole at the point

where the lines extended from the transformer to the Red Eagle farm, and, in attempting to remove the dead cables, received an electric shock from defendant's high line and later died as a result.

It was alleged that the line was improperly insulated and negligently attached to the pole; that the pole was in the joint use of defendant company and Walker; that the deceased occupied the position of an invitee with respect to defendant.

There was much evidence relating to the issue of negligent construction and maintenance of the electric cables and the cross-bars on the pole, but the trial court was apparently of the opinion that the deceased was a trespasser, and that the evidence was insufficient to show actionable negligence by defendant toward him.

The evidence shows further that the deceased not only served the dead lines but also the lines serving current to the Red Eagle home. He mounted the pole a second time for the purpose of uniting the line to the Red Eagle home, and in attempting to make the connection received the shock that caused his death.

The principal issue was whether deceased was an invitee or a mere trespasser. If an invitee, defendant owed him the duty to maintain the equipment in reasonably safe repair. C. R. Anthony Co. v. Williams, 185 Okla. 564, 94 P. 2d 836; if a trespasser, defendant was under no such duty. Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. 2d 714.

The evidence shows without contradiction that defendant owned the pole and all the equipment thereon; only the dead lines belonging to Walker were attached thereto. There was no contract between Red Eagle and defendant or between Walker and defendant for joint use of the pole; nor had Red Eagle or Walker ever assumed any such right. Defendant had always taken care of connections and repairs for Red Eagle, and had had no dealings with Walker. There was never the slightest intimation that defendant had authorized or expected such use by other parties. Walker had asserted no such right, and in fact testified that he did not authorize deceased to remove the wires. And further, the fatal shock occurred when deceased was attempting to repair defendant's own lines. This in itself shows that deceased was not engaged in his employer's business at the time of his fatal injury. Had there been a joint user of the pole, it is doubtful whether deceased would have been anything other than a volunteer. See 18 Am. Jur. 460, § 66.

There was no express invitation to Walker or his employees to use the pole; and the evidence was insufficient to raise an inference of implied invitation. With reference to the use of the pole, no common interest existed between defendant and Walker and his employees; nor was the pole at any time employed to the mutual advantage of those parties. Had those conditions existed, it might be said that the deceased was an implied invitee. Julian v. Sinclair Oil & Gas Co., 168 Okla. 192, 32 P. 2d 31. In that case it was held that an invitation is inferred where there is a common interest or mutual advantage existing and enjoyed by the parties.

Never at any time did the defendant recognize, expressly or by implication, the right of anyone to perform work on the pole. Therefore, the deceased could not have been an invitee; and the trial court did not err in holding that the uncontradicted evidence so disclosed.

In an effort to support the theory that deceased was an invitee, plaintiff cites and relies mainly on Ladlow v. Oklahoma Gas & Electric Co., 28 Okla. 15, 119 P. 250. In that case a lineman employed by a telephone company came in contact with an electric line belonging to defendant and was injured. By agreement the two companies used the same poles on which to string their respective lines along an alley. However, at the end of the alley they maintained separate poles for their lines. These poles were six inches apart. The plaintiff, while working on the telephone wires, stepped

from the top of the telephone pole to the top of the electric pole and came in contact with a poorly insulated wire belonging to defendant. The court held that under the circumstances as there existing the electric company should have anticipated that telephone workmen would be called upon to work in close proximity to the electric wires, and that it was the company's duty to keep the wires properly insulated against possible contact.

Here, unlike the Ladlow Case, there was neither a joint user nor a situation wherein workmen might be expected to perform duties in close proximity to the separate property of the respective employers.

There is the further assignment that the court erroneously excluded certain evidence concerning the alleged negligent maintenance of the wires and equipment on the pole. However, since the deceased was not an invitee, his presence on the pole not to be anticipated by defendant, it is not necessary that we consider the assignment.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, and HURST, JJ., concur.