Bell, J.
 

 Defendant insists that it is entitled to judgment in its favor, notwithstanding the verdict.
 

 Section 11601, General Code, provides as follows:
 

 “When, upon the statements in the pleadings or upon the evidence received upon the trial, one party is entitled
 
 by law to judgment in his favor,
 
 judgment shall be so rendered by the court, although a verdict has been found against such party * * (Italics ours.)
 

 The defendant’s contention is based upon the proposition that the decedent was a trespasser or a licensee, and that it owed him no duty except to refrain from wanton, willful or reckless misconduct which was likely to injure him. On the other hand plaintiff claims that defendant owed decedent the duty to exercise ordinary care for his safety and is liable if his death was proximately caused by defendant’s negligence.
 

 The plaintiff’s petition charges defendant with negligence. It contains no allegation of wanton, willful or reckless misconduct nor was any evidence offered which proved or tended to prove such misconduct.
 

 It is necessary, therefore, to determine what duty
 
 *377
 
 the defendant owed the decedent and whether there was a breach of such duty.
 

 Where one goes upon the land of another he is either an invitee, a licensee, or a trespasser.
 

 The plaintiff’s decedent was not an invitee upon the premises, and-under the most favorable interpretation of the evidence he was at best a mere licensee upon the property of the city. It is not seriously contended that such relation is not true as to the city, but it is asserted that defendant cannot avail itself of a defense based on that relation, because it is not the landowner.
 

 Numerous cases can be found to the effect that where persons have been injured by contact with electric wires suspended above the ground along a public highway or over private property of third persons, a power company cannot avail itself of immunity from liability upon the ground that such injured person was a trespasser or licensee against the landowner. This doctrine has been applied most frequently where the injured person was a child of tender years. An almost equal number of cases holds that the defense that the injured person was a trespasser or licensee is available to a power company even though such company was not the landowner, and that the rule applies whether the injured person was an adult or a child.
 

 In 14 A. L. R., 1038, and 56 A. L. R., 1030, is to be found a review and discussion of many cases upon this subject. , *
 

 The Court of Appeals bottomed its conclusion upon authority of two cases decided by this court, to wit,
 
 Ziehm
 
 v.
 
 Vale,
 
 98 Ohio St., 306, 120 N. E., 702, 1 A. L. R., 1381; and
 
 Coy, an Infant,
 
 v.
 
 Columbus, Delaware & Marion Electric Co.,
 
 125 Ohio St., 283, 181 N. E., 131.
 

 In the
 
 Ziehm case, supra,
 
 the court was dealing with the duty of an automobile operator toward a child four and one-half years of age.
 

 
 *378
 
 Paragraph one of the syllabus in that case reads as follows:
 

 ‘ ‘ Where the owner of an automobile, upon returning to his car, finds an infant four and one-half years of age thereon, and twice drives the infant from the car, the owner is not thereby absolved from further duty towards such infant. Under such circumstances, when the child still remains in close proximity to the car, the driver is required to exercise reasonable care to avoid injury to the child.”
 

 A perusal of the facts in that case will disclose that there was undisputed evidence to prove that
 
 the defendant knetv that the child, was upon the running board of the car or in close proximity thereto tvhen he cranked his engine and ivith knowledge of that fact h,e started the car and the child ivas injured.
 

 In the
 
 Coy case, supra,
 
 the injured child was six years old. The court was dealing only with the sufficiency of a petition, and the factual situation is detailed in paragraph two of the syllabus, which reads as follows :
 

 “A petition alleging in substance that a company maintains and operates an electrical transformer charged with a powerful and dangerous electric current, situated and in active operation upon premises continuously frequented by children for a number of years,
 
 with the knowledge of such company,
 
 and further that such company failed to keep in repair a picket fence surrounding such transformer, but allowed the railings of the same to rot and decay, 'and the pickets to become loose, thereby leaving openings in-such fence large enough for persons to enter, and that a child coming in contact with such transformer was injured, states a cause of action.” (Italics ours.)
 

 It is significant that in each of these cases the defendant had knowledge of the fact that children were
 
 *379
 
 playing in close proximity to the instrumentality which caused the injury.
 

 Here we are not dealing with a child but with a young man almost nineteen years of age, a garage mechanic, and here there is no evidence that the defendant had any knowledge that part of the fence forming one wall of the enclosure was down, or that any one, either child or adult, ever went within the enclosure.
 

 Due to the difference between the factual situations in the two mentioned cases and the factual situation in the instant case we conclude that those holdings are not controlling.
 

 It has been pointed out that the defendant was the occupier of the land within the enclosure, in which the transformer was housed, with the. full knowledge and acquiescence of the city.
 

 Even assuming that the decedent had an implied invitation to use the path across the property of the city, when he left the path and entered the enclosure no invitation can be implied, and he became a trespasser or licensee upon the land occupied by the defendant.
 
 United Zinc & Chemical Co.
 
 v.
 
 Britt,
 
 258 U. S., 268, 66 L. Ed., 615, 42 S. Ct., 299, 36 A. L. R., 28.
 

 The headnotes in the
 
 Britt case
 
 read as follows:
 

 “1. A landowner owes no general duty, to keep his land safe for children of tender years, or even free from hidden danger, if he has not directly or by implication invited them there.
 

 112. A
 
 road is not an invitation to leave it elsewhere than at its end.
 

 “3. Defendant owned a tract, on the outskirts of a town, on which was an open and abandoned cellar wherein water had accumulated, clear in appearance but dangerously poisoned with chemicals resulting from manufacturing operations formerly conducted there by the defendant. A traveled way passed within 120 feet of the pool and paths crossed the tract.
 
 *380
 
 Children came upon the land, entered the water, were poisoned and died. Defendant knew the condition of the water; but the pool, if visible to the children without trespass, was not proven to have caused their entry, nor were children in the habit of going to it.
 
 Held,
 
 that no license or invitation could be implied and that the defendant was not liable.”
 

 Justice Holmes, in writing for the court at page 275 uses this language:
 

 “Infants have no greater right to go upon other peoples’ land than adults, and the mere fact that they are infants imposes no duty upon landowners to expect them and to prepare for their safety. On the other hand the duty of one who invites another upon his land not to lead him into a trap is well settled, and while it is very plain that temptation is not invitation, it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them, has the legal effect of an invitation to them although not to an adult. But the principle if accepted must be very cautiously applied * *
 

 We think that the occupier of the land stands in the same situation as the landowner with reference to a trespasser or licensee, that is, .such occupier owes no duty to a trespasser or licensee except to refrain from wanton, willful or reckless misconduct which is likely to injure him. In
 
 Wheeling & Lake Erie Rd. Co. v. Harvey,
 
 77 Ohio St., 235, 83 N. E., 66, 122 Am. St. Rep., 503, 19 L. R. A. (N. S.), 1136, it is said, in paragraph one of the syllabus:
 

 “It is not the duty of an occupier of land to exei'cise care to make it safe for 'infant children who come upon it without invitation but merely by sufferance. ’ ’
 

 The decedent, a garage mechanic, whom we must assume had some knowledge of electrical appliances and electric current, is not entitled to the benefit of
 
 *381
 
 the rule applied in cases involving very young children.
 

 The basis of the rule as it applies to infants is that the attractiveness, of the unguarded construction or agency — the temptation of it ‘to children — is an implied invitation to go upon the premises, that purges their technical trespass. This rule has no application to adults or to minors who have reached the age of discretion.
 

 We can discern no sound reason why the ordinary rule as to the duty owed to a trespasser or licensee should not be applied here and, therefore, we. conclude that the defendant breached no duty which it owed to decedent.
 

 Even assuming that defendant could have been liable upon the theory of negligence, still plaintiff could not recover for the reason that decedent would have been guilty of contributory negligence as a matter of law when he left the path,- entered the enclosure and came in personal contact with the transformer.
 
 United Zinc & Chemical Co.
 
 v.
 
 Britt, supra.
 

 In our view the plaintiff is not entitled to recover under any theory and it follows that the Court of Appeals erred in affirming the order of the trial court overruling the motion for judgment.
 

 Coming now to render the judgment which the Court of Appeals should have rendered we are of the opinion that final judgment should be and it hereby is rendered in favor of defendant.
 

 Judgment reversed, and, final judgment for defendant.
 

 Weygandt, C. J., Zimmerman, Turner, Matthias and Hart, JJ., concur.