## CARAGLIO v. FRONTIER POWER CO.

No. 4267.

United States Court of Appeals
Tenth Circuit.

Oct. 24, 1951.

John B. Wright, Raton, N. M., for appellant.

George W. Robertson, Raton, N. M. (Crampton, Robertson & Skinner, Raton, N. M., on the brief), for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Enes Caraglio, administratrix of the Estate of her husband, John Caraglio, deceased, brought this action against the Frontier Power Company, a corporation, in the District Court of Colfax County, New Mexico, to recover $25,000 damages for deceased's death. The defendant removed the cause to the United States District Court for the District of New Mexico where it was tried. At the conclusion of all the evidence, the District Judge directed a verdict for the defendant upon the grounds that the defendant had not violated any duty owed the deceased and that the deceased was guilty of contributory negligence. This is an appeal from the judgment entered in favor of the defendant.

The essential facts are not in dispute. The deceased, with his family, operated a rural store and bar in Colfax County, New Mexico. The premises were leased and had been in possession and control of the deceased for more than three years. The Caraglios also raised turkeys and chickens and for this purpose used a shed at the rear of the premises. In 1931, the defendant, having a right of way and easement, installed poles to carry an electric transmission line which crossed the property near the shed. Extending away from the shed was a high board fence and a heavy gate. The posts at each end of this gate were high and there had been placed on top of these two posts a plank which extended across the opening made by the gate. Near one of these gate posts the defendant had placed two poles which were approximately 25 feet in height and were used to carry the wires of the electric transmission line.[1] Twelve feet above the ground between the two poles was constructed a narrow platform upon which a transformer had been placed to re-

---

1. At this point the line carried 13,800 volts of electricity.

duce the high voltage of the transmission line sufficiently for service to the premises occupied by the deceased.

Late in the afternoon of December 18, 1949, a number of turkeys belonging to the deceased had flown onto the electric poles and the transmission lines. The deceased and his two daughters were attempting to get the turkeys off the poles and lines and into the shed. One persisted in remaining on one of the poles. The deceased directed his sixteen-year-old daughter to climb upon the fence then onto the transformer platform to remove this turkey. When the daughter refused the deceased told her to get down off the fence and that he would ascend to the platform, which he did. As there were no spikes or ladder on either of the poles, deceased accomplished this by climbing upon the fence, then to the cross-plank over the gate, and stepping across onto the platform. Shortly thereafter, while on the platform, he received an electric shock which caused his death. There was no fence around these poles, nor were there any signs warning that it was dangerous to ascend to the transformer platform.

The deceased was 54 years old and he had had a fourth grade education. Prior to moving onto the premises in question, he had worked a short time for a power company and for a number of years in a mine where high voltage electricity was used extensively.

On numerous occasions the fuse on the poles above the transformer in question had been burned out by lightning. Employees of the defendant suggested that they leave fuses with Caraglio so that he could replace them when necessary. This he refused to do, stating that he would not accept this responsibility. None of the family of the deceased had been on the platform before. The only indication that anyone else had ever been on the platform except employees of the defendant was testimony by the deceased's uncle, who owned the premises and built the buildings thereon, that he climbed up there once to chase some of his turkeys off the wire; and by the deceased's daughter that on one occasion she saw some children there. There is no suggestion that the deceased was upon the platform with the permission or invitation of the defendant or that it or any of its agents knew of his presence there. Without the knowledge, consent or inducement of the owners, he voluntarily went upon property belonging to others upon a mission of his own and for his own purposes and interests.

■ Under these circumstances, the deceased was a trespasser,[2] and the only duty which the defendant owed to him was to abstain from any willful, wanton or reckless conduct that was likely to injure or expose him to hidden peril.[3] There is no claim that the defendant was guilty of such willful, wanton or reckless conduct.

■ A power company engaged in distributing electric current over its wires to consumers is not an insurer of the safety of the consumer or anyone else, although the company must exercise a high degree of care to protect those likely to come in contact with its wires.[4] The care required is that commensurate with the dangerous char-

2. New York, New Haven & H. R. R. Co. v. Fruchter, 260 U.S. 141, 43 S.Ct. 38, 67 L.Ed. 173; Moseley v. Kansas City, 170 Kan. 585, 228 P.2d 699; Kaw City v. Johnson, 202 Okl. 6, 209 P.2d 699; Miller v. Oklahoma Power & Water Co., 194 Okl. 193, 148 P.2d 980; Soles v. Ohio Edison Co., 144 Ohio St. 373, 59 N.E.2d 138; Robbins v. Minute Tapioca Co., 236 Mass. 387, 128 N.E. 417; Griffis v. Village of Brady, 132 Neb. 498, 272 N.W. 306; State to use of Stansfield v. Chesapeake & Potomac Telephone Co., 123 Md. 120, 91 A. 149, 52 L.R.A.,N.S., 1170.

3. United Zinc & Chemical Co. v. Britt, 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615;

Kaw City v. Johnson, 202 Okl. 6, 209 P.2d 699; Midland Valley R. R. Co. v. Littlejohn, 44 Okl. 8, 143 P. 1; Soles v. Ohio Edison Co., 144 Ohio St. 373, 59 N.E.2d 138; Robbins v. Minute Tapioca Co., 236 Mass. 387, 128 N.E. 417; Hickok v. Auburn Light, Heat & Power Co., 200 N.Y. 464, 93 N.E. 1113, 1116; 18 Am. Jur., Electricity, Sec. 66.

4. Monroe v. San Joaquin Light & Power Corp., 42 Cal.App.2d 641, 109 P.2d 720; Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P.2d 257; Salt River Valley Water Users' Ass'n v. Compton, 39 Ariz. 491, 8 P.2d 249; Miller v. Suburban Power Co., 41 Ohio App. 70, 179 N.E. 202.

acter of the business and consistent with its practical operation, and it extends not only to the erection, maintenance, and operation of the company's plant and apparatus, but also to an inspection thereof and to the discovery of defects.[5] Under the conditions here, the defendant was bound only to anticipate the normal use of the territory surrounding its transformer and to place it at a distance above the ground where the current would not interfere with the normal and proper use of such surroundings. The plaintiff contends that the defendant was negligent in not providing adequate protection and insulation on the transformer platform. It owed no such duty to the deceased. The transformer was situated where his presence could not have been reasonably foreseen.[6]

The failure to fence the posts or to put warning signs thereon was not negligence. The transformer had been in the same location since the line was constructed. It was higher above the ground than required by the National Electric Safety Code. It was on the property of the defendant and in a place where the deceased had no right to be.

The injuries were not caused by the transformer being too low but by the deceased voluntarily climbing up to the transformer and placing himself in a perilous situation. The defendant could not have foreseen that the deceased would climb up onto the platform.[7]

Even an infant trespasser generally cannot recover from an electric company for injuries suffered on an electric transmission tower or pole unless something in the immediate surroundings has some characteristic which would attract the infant so that his presence on the premises and exposure to the danger could be reasonably anticipated.[8]

If we should assume that the defendant was guilty of primary negligence then we are convinced that the deceased was guilty of contributory negligence which would bar a recovery by his administratrix.[9] We said in Saindon v. Lucero, 10 Cir., 187 F.2d 345, 346, certiorari denied, 72 S.Ct. 43: "Generally it has been said that contributory negligence is the neglect of the duty imposed upon a person to exercise ordinary care for his own protection and safety

5. Conowingo Power Co. v. State of Maryland, 4 Cir., 120 F.2d 870; Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P.2d 257.

6. Lozano v. Pacific Gas & Electric Co., 70 Cal.App.2d 415, 161 P.2d 74; Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P.2d 750; Troidle v. Adirondack Power & Light Corp., 252 N.Y. 483, 169 N.E. 654.

7. Croxton v. Duke Power Co., 4 Cir., 181 F.2d 306; Pascoe v. Southern California Edison Co., 102 Cal.App.2d 254, 227 P.2d 555; Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P.2d 750; Salt River Valley Water Users' Ass'n v. Compton, 39 Ariz. 491, 8 P.2d 249; Keller v. Ohio Public Service Co., 73 Ohio App. 530, 57 N.E.2d 176; Troidle v. Adirondack Power & Light Corp., 252 N.Y. 483, 169 N.E. 654.

8. New York, New Haven & H. R. R. Co. v. Fruchter (8 yr. old boy), 260 U.S. 141, 43 S.Ct. 38, 67 L.Ed. 173; Cole v. Mississippi Power & Light Co. (15 yr. old boy), 5 Cir., 100 F.2d 351; Empire District Electric Co. v. Harris (14 yr. old boy), 8 Cir., 82 F.2d 48; Moseley v. Kansas City (16 yr. old boy), 170 Kan.

585, 228 P.2d 699; Salt River Water Users' Ass'n v. Green (11 yr. old boy), 39 Ariz. 508, 8 P.2d 255; Salt River Valley Water Users' Ass'n v. Compton (13 yr. old boy), 39 Ariz. 491, 8 P.2d 249; Hanson v. Washington Water Power Co. (11 yr. old boy), 165 Wash. 497, 5 P.2d 1025; Wallace v. Great Western Power Co. of California (12 yr. old boy), 204 Cal. 15, 266 P. 281; Soles v. Ohio Edison Co. (18 yr. old boy), 144 Ohio St. 373, 59 N.E.2d 138; Urban v. Central Massachusetts Electric Co. (12 yr. old boy), 301 Mass. 519, 17 N.E.2d 718; Miller v. Suburban Power Co. (13 yr. old boy), 41 Ohio App. 70, 179 N.E. 202; Burns v. City of Chicago (8 yr. old boy), 338 Ill. 89, 169 N.E. 811; Gouger v. Tennessee Valley Authority (14 yr. old boy), 188 Tenn. 96, 216 S.W.2d 739, 6 A.L.R.2d 750.

9. Barnett v. Des Moines Electric Co., 8 Cir., 10 F.2d 111; Crespin v. Albuquerque Gas & Electric Co., 39 N.M. 473, 50 P.2d 259; Wallace v. Great Western Power Co. of California, 204 Cal. 15, 266 P. 281; Druse v. Pacific Power & Light Co., 86 Wash. 519, 150 P. 1182; Shade v. Bay Counties Power Co., 152 Cal. 10, 92 P. 62.

which is a legally contributing cause of an injury. Restatement, Torts, § 463; 9 Words and Phrases, Perm.Ed., p. 379, Contributory Negligence; Fish v. Ball, 10 Cir., 93 F.2d 853; Silva v. Waldie, 42 N.M. 514, 82 P.2d 282, 285. In determining whether an injured person has been guilty of contributory negligence the standard of conduct to which he must conform is that of a reasonably prudent man under like circumstances. Restatement, Torts, p. 464. The reasonably prudent person will be presumed to possess those qualities of attention and perception which are possessed by mankind in general. Dominguez v. Southwestern Greyhound Lines, 49 N.M. 13, 155 P.2d 138, 140. If a person, by his own actions, subjects himself unnecessarily to danger which should have been anticipated and is injured thereby, he is guilty of contributory negligence and may not recover for his injuries. Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583; Consolidated Textile Corp. v. Shipp, 4 Cir., 41 F.2d 479."

■ The deceased here was a mature man who had had considerable experience in a mine and there had worked around electrical equipment. He had lived on the property near the electrical lines for three years prior to his death. On the day he sustained the injuries which caused his death, he climbed 12 feet up to a transformer connected with 13,800 volts of electricity. He did this after his daughter had refused. Neither he nor any of his family had previously been on the platform. The deceased had on a prior occasion refused to accept the responsibility of changing a fuse located on the poles. We think a proper inference from all the evidence is that the deceased knew of the dangerous condition and did not exercise the degree of care of a reasonably prudent man, and unnecessarily subjected himself to danger which he should have anticipated. Barnett v. Des Moines Electric Co., 8 Cir., 10 F.2d 111; Saindon v. Lucero, supra; Hetrick v. Marion Reserve Power Co., 141 Ohio St. 347, 48 N.E.2d 103.

The trial court properly directed a verdict in favor of the defendant.

Judgment is affirmed.