## Meese v. Ohio Power Co.
### [Cite as 8 AOA 230]

Case No. 90AP070047
Tuscarawas County, (5th)
Decided December 27, 1990

Robert C. Urban, Jr., Johnson & Johnson Co., L.P.A., P.O. Box 500, New Philadelphia, Ohio 44663, for Plaintiff-Appellant.

James R. Blake, Merle D. Evans III, Day, Ketterer, Raley, Wright & Rybolt, 800 William R. Day Bldg., 121 Cleveland Avenue, South, Canton, Ohio 44702-1988, for Defendant-Appellee.

GWIN, J.

Plaintiff-appellant, John R. Meese, II (appellant), appeals from the judgment entered in the Tuscarawas County Court of Common Pleas, wherein summary judgment was granted in favor of defendant-appellee, The Ohio Power Company (Ohio Power), after finding that appellant was a trespasser as a matter of law and that Ohio Power did not wantonly, willfully, or recklessly cause the injury to appellant. Appellant assigns as error:

### ASSIGNMENT OF ERROR
### THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE.

On February 20, 1984, appellant, who was then fourteen years old, was injured when he shimmied up the guy wire to the top of an approximately thirty-foot tall utility pole owned by Ohio Power and came into contact with a high-voltage electric wire which was conducting 7200 volts of electricity. The utility pole was located on private property near an abandoned farm house and appellant climbed the utility pole to look for a potential spot to build a deer-hunting stand. Although appellant had the property owner's permission to hunt on this farm property, he neither knew who owned the utility pole nor had Ohio Power's permission to climb the pole.

At the time of the accident, the utility pole had no climbing devices attached to it, and the wire appellant came into contact with was located twenty-eight feet seven inches above the ground which location exceeded the vertical clearance requirements of Ohio Power and the National Electrical Safety Code.

Appellant first claims that summary judgment was improperly entered because reasonable minds could come to differing conclusions whether appellant was a trespasser. We disagree.

In Ohio, a trespasser is defined as "...one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience...." Jeffers v. Olexo (1989), 43 Ohio St. 3d 140, 145; cf Keeseker v. G.M. McKelvey Co. (1943), 141 Ohio St. 162, 166. Here, appellant admitted that he did not have permission to climb the utility pole and that he climbed the utility pole "purely for his own purposes or convenience" to look for a place to build a deer-hunting stand. From these facts, it is clear that appellant, though not a trespasser on the farm property itself, was a trespasser when he climbed Ohio Power's utility pole located on said property pursuant to an easement. Appellant's status as a minor does not affect this conclusion:

"The defendant's poles in this [yard] were its property, just the same as if it had erected thereon some structure. The boy had the right to be there, but while he had the right to be in the yard, he had no right to get upon the poles, and in so doing he became a trespasser upon the property of the company, and, just the same as an adult, must be held to assumed the risk incident thereto." Miller v. Suburban Power Co. (1930), 41 Ohio App. 70, 76-77.

As appellant was a trespasser as a matter of law, the standard of care Ohio Power owed to appellant was to "refrain from injuring such trespasser by willful or wanton conduct." McKinney v. Hartz & Restle Realtors. Inc. (1987), 31 Ohio St. 3d 244, 246; Elliott v. Nagy (1986), 22 Ohio St. 3d 58, 60; Brooks v. Norfolk & Western Ry. Co. (1976), 45 Ohio St.2d 34; see, also, Prosser & Keeton, Torts (5 Ed. 1984), 397, Section 58.

Willful conduct is defined as that conduct which "involves an intent, purpose or design to injure." *McKinney, supra; Denzer v. Terpstra* (1934), 129 Ohio St. 1, paragraph 2 of the syllabus. Wanton conduct is that conduct when one "fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result...." *McKinney, supra; Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, syllabus.

The trial court held that there was no evidence indicating that Ohio Power breached its duty not to engage in the willful or wanton misconduct. We agree that there is no evidence that Ohio Power intended or designed to injure appellant. There was also no evidence that Ohio Power engaged in wanton misconduct. In fact, all competent evidence indicated that the pole and the equipment on it were in "good operating condition" and that the electric wire contacted by appellant was located "in excess" of the vertical clearance above ground required by Ohio Power Company's standard which meet or exceed those in the National Electrical Safety Code.

We find without merit appellant's claim that because the utility pole had "three wires dangling from it," was surrounded by overgrown shrubbery, tree branches, weeds, and located near an abandoned farm house, a genuine issue of material fact was created whether appellant reasonably assumed that the utility pole was harmless and abandoned and thus a part of the property he was rightfully on. Appellant cites no authority, and we know of none, where a trespasser's unilateral belief that he is not a trespasser alters his status as same.

Appellant also suggests that the trial court should have applied the attractive nuisance doctrine to the instant case because the pole appeared to be abandoned and harmless to appellant. This suggestion is without merit in that Ohio has not adopted the attractive nuisance doctrine. See *Elliott v. Nagy* (1986), 22 Ohio St.3d 58; *Wieber v. Rollins* (1988), 55 Ohio App.3d 106, 109. Furthermore, there is no evidence that Ohio Power knew or should have known that children played on this farm property.

Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Tuscarawas County Court of Common Pleas.

MILLIGAN, P.J., and SMART, J., concur.