2012 OK CIV APP 102

**Linda SCHMIDT a/k/a Smith, as Personal Representative of the Estate of Damon Patrick Schmidt, Deceased, Plaintiff/Appellant,**

v.

**OG & E ELECTRIC SERVICES, INC., Defendant/Appellee, and Kristi Manor North Apartments, Inc., Defendant.**

**No. 109,639.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

July 13, 2012.

Rehearing Denied Aug. 15, 2012.

Certiorari Denied Oct. 29, 2012.

Sam George Caporal, Mark W. Hayes, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Roberta Browning Fields, McAfee & Taft, Oklahoma City, Oklahoma, and Rod L. Cook, Mitzy G. Fryer, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant, Linda Schmidt a/k/a Smith, as the personal representative of the estate of her deceased son, Damon Patrick Schmidt (Damon), appeals from the trial court's grant of summary judgment to Defendant/Appellee, OG & E Electric Services, Inc. (OG & E), in Plaintiff's wrongful death action. For the reasons set forth below, we affirm.

¶ 2 On the morning of August 26, 2008, Damon was electrocuted at the site of a 7200 volt transformer owned by OG & E. The transformer was located in a semi-abandoned apartment complex owned by Kristi Manor North Apartments, Inc., in Del City. Plaintiff thereafter filed the instant wrongful death action against OG & E and the apartment complex.[1]

¶ 3 OG & E moved for summary judgment, asserting Plaintiff cannot prove OG & E violated any duty of care with respect to Damon. Specifically, OG & E alleged Damon was trespassing on OG & E's easement and equipment attempting to steal copper wiring at the time he was electrocuted, and there is no evidence OG & E intentionally or wantonly injured Damon. The record reveals OG & E "de-energized" the transformer in September 2007 by removing its electri-

cal meter and primary fuse lines. However, one live primary cable, which came in from an underground line, remained inside of the transformer. It is undisputed that the practice of de-energizing transformers is an acceptable method of preserving an electrical system not in use per the National Electric Safety Code, the governing standard approved by the Oklahoma Corporation Commission. An apartment complex security guard testified via deposition that he saw a padlock on the transformer on August 24, 2008.

¶ 4 The subject transformer is composed of a heavy gauge steel box, bolted to a concrete pad and clearly marked with a sign that read "CAUTION—HIGH VOLTAGE—KEEP OUT." The transformer contained three compartments. Two compartments—the primary and secondary sides-are accessible through the locked two front doors. The third compartment is located in the back of the steel box and can only be accessed by cutting the padlock, opening the two side doors, removing large bolts, lifting and removing a ninety-three (93) pound metal lid, opening a third door and reaching inside. Other evidence indicated that fluid had to be drained from the third compartment before large copper plates there could be accessed.

¶ 5 The undisputed evidence shows Damon and another man, Richard Morningstar, went to the Kristi Manor North Apartments on August 25, 2008, to steal copper wiring. Although there is some dispute as to when the lock was removed from the transformer, Morningstar testified he and Damon opened the transformer and removed copper wiring. They also took the top off the transformer and removed bolts to drain the fluid from the back of the transformer. The pair also stole copper wiring from about ten abandoned apartments that night before leaving. The next morning, Damon told Morningstar he was going to go check the transformer. Morningstar testified he understood Damon's statement to mean that Damon was going to return to the apartment complex to see if the transformer was fully drained. Damon's

---

**1.** Although named as a defendant, it appears Kristi Manor North Apartments, Inc., was never served with process and, consequently, is not a party to these proceedings.

electrocuted body was found later that morning beside the transformer.

¶ 6 In response to OG & E's summary judgment motion, Plaintiff contended the transformer constituted a "hidden peril" because the primary cable was still live when the rest of the transformer had been de-energized. The trial court rejected this argument, holding Damon was a trespasser and engaged in criminal activity at the time of his death, OG & E did nothing willfully or intentionally to injure Damon, and there was no negligence on OG & E's part that caused or contributed to Damon's death. Plaintiff now appeals from the trial court's grant of summary judgment to OG & E. This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 13(h), *Rules for District Courts*, 12 O.S.2011, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. 2011, Ch. 15, App. 1.

¶ 7 This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. "In reviewing a motion for summary judgment, all inferences and conclusions drawn from the evidence must be viewed in a light most favorable to the party opposing the motion. . . ." *Id.*

¶ 8 Plaintiff advances ten propositions of error in arguing summary judgment was improper, the majority of which do not merit extensive discussion. "In any case based upon negligence, the threshold question is whether the defendant had a duty to the particular plaintiff alleged to have suffered injury." *Pickens v. Tulsa Metro. Ministry,* 1997 OK 152, ¶ 8, 951 P.2d 1079, 1082. The overwhelming and uncontroverted evidence in the present case shows Damon was trespassing on OG & E's easement and equipment at the time he was electrocuted. A landowner owes a trespasser "only a duty to avoid injuring him wilfully or wantonly."

*Pickens,* 1997 OK 152 at ¶ 10, 951 P.2d at 1083. This duty was described in *Caraglio v. Frontier Power Co.,* 192 F.2d 175, 177 (10th Cir.1951), as the obligation of a landowner "to abstain from any willful, wanton or reckless conduct that [is] likely to injure or expose [the trespasser] to hidden peril."

¶ 9 Because there is no evidence OG & E intentionally injured Damon, Plaintiff urges the transformer constituted a hidden peril about which OG & E owed Damon a duty to warn. Plaintiff's strained rationale in this respect is her contention that (while never admitting Damon stole copper from the transformer the night before) Damon's "actual physical experience just hours before his body was found" misled him into believing the entire transformer was turned off. Under these circumstances, Plaintiff contends, it was reckless of OG & E to leave the energized primary cable attached to the transformer. We reject this notion.

¶ 10 The transformer did not, as Plaintiff argues, present a deceptively innocent appearance of safety which cloaked a reality of danger. *See West v. Spencer,* 2010 OK CIV APP 97, ¶ 7, 242 P.3d 545, 548 (discussing landowners' duty to disclose hidden dangers to invitees). To determine whether a premises "defect" constitutes a trap or hidden danger in an invitee case, an objective standard is employed: "whether under similar or like circumstances an ordinary prudent person would have been able to see the defect in time to avoid being injured." *West,* 2010 OK CIV APP 97 at ¶ 8, 242 P.3d at 548, *quoting Pickens,* 1997 OK 152 at ¶ 10, 951 P.2d at 1084. Applying that standard to the present case, the transformer was clearly not a hidden peril. An ordinary prudent person would not ignore caution signs warning of high voltage, remove a ninety-three pound lid, open heavy gauge steel doors, drain the fluid from the transformer and then reach inside the transformer. As OG & E correctly asserts, an ordinary prudent person may not understand electricity, but they do know not to go near, open or reach inside high voltage electric transformers. OG & E violated no duty of care to Damon.

¶ 11 Upon *de novo* review of the instant record, we hold there exists no genuine issue of material fact and that OG & E is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.

¶ 12 AFFIRMED.

HETHERINGTON, J., concurs.

MITCHELL, J., concurring specially.

¶ 13 I agree with the majority opinion. I would add, however, a separate ground for granting/affirming the summary judgment. The general rule in this country is that a plaintiff who is injured during the commission of a felony while on another's property, and the injury is caused by the plaintiff's own conduct in furtherance of the felony, may not recover. In such instances, recovery is barred by public policy. 65A C.J.S. *Negligence* § 727 (2010).